WATT HIGDON ET AL. *v.* SAMUEL G. SALTER.

TAX TITLES. *Tracts separately assessed. Sale of same as a whole.* Code 1892, § 3813.

When land is assessed in part to a designated owner and in part to an "unknown owner" a tax sale of the whole as one tract is void under code 1892, § 3813, providing that when the amount due is not produced by the offer of the subdivisions thereof in the manner prescribed, all the land constituting one tract and assessed as the property of the same owner shall be offered for sale, the intent of the statute being that each separately assessed tract shall be separately sold. *Nelson* v. *Abernathy,* 74 Miss., 164; *Gregory* v. *Brogan, Ib.,* 694, cited.

FROM the circuit court of Copiah county.

HON. ROBERT POWELL, Judge.

Ejectment by Salter, plaintiff, against Higdon and others, defendants, in the court below. The land in controversy was sold in March, 1896, for the state and county taxes of 1895. The opinion states the other material facts.

*R. P. Willing*, for the appellant.

The evidence showed that the. taxes on the lands assessed to the plaintiff amounted to $5.20 and on the other lands assessed to unknown owner $10.80, the taxes on all the lands and for which they were sold as an entire tract being $16.00.

Section 3813, code 1892, prescribes the manner in which the tax collector shall sell lands for the taxes due on the land. The collector should sell the land of each delinquent taxpayer or so much of it as would pay the amount of taxes due by him and all costs and charges. The collector could only know who was a delinquent taxpayer by the assessment roll, and could only know the land of such delinquent from the assessment roll, and had no right, in order to collect the taxes due by such delinquent, to sell the land of some other delinquent. Again, he should proceed to offer the land of a delinquent taxpayer in the manner prescribed until all the land constituting one tract and assessed as the property of the same owner be offered. Such is the language of the statute. The one hundred and sixty acres of land assessed to Salter . and the three hundred and sixty acres assessed to "owner unknown" having been sold by the collector as an entire tract, and but one deed having been made to the whole, the sale of these lands to the appellee was illegal and void. A tax collector who does not comply with § 3813, code 1892, in selling lands for taxes, passes no title to the purchaser. *Nelson* v. *Abernathy*, 74 Miss., 164; *Gregory* v. *Brogan*, 74 Miss., 694.

*R. N. Miller*, for the appellee.

It is said by appellants that the lands were not sold in the manner required by § 3813, code 1892, as construed in *Nelson* v. *Abernathy*, 74 Miss., 164, and *Gregory* v. *Brogan*, *Ib.*, 694. At the outset let the court clearly get the facts. ·Thompson, the sheriff, testified for appellants that he thought or supposed the original roll was used to make the sale; that it was the one used in the sheriff's office, he supposed, but he in fact did not

know anything about it of his own knowledge, as he did not have anything to do with the sale, his deputy, Hamilton, having made the same.

It makes no difference whether he sold by the original or a copy. It was said in *Virden* v. *Bowers*, 55 Miss., 1, that a tax collector was authorized to sell on either. Again, he could not testify to impeach his sale in any way and his evidence was incompetent if it proved anything. Hamilton, deputy sheriff, who made the sale, and Salter both testified that the sale was made in strict conformity with § 3813, code 1892, as construed by cases *supra*. Hamilton said, "I first offered forty acres, and, getting no bid, I added forty more and offered the eighty and so on to the end. Every time I offered forty I offered that together with the other lands that had been offered."

The record shows that appellee objected to the evidence of both Thompson and Hamilton on the ground that they could not impeach the sale, and also shows that the court reserved all objections to final argument.

It is elementary learning that sheriffs and their deputies cannot testify to impeach their own sales, and citation of authority on this head is deemed unnecessary. But independent of this no sort of irregularity occurred in the sale. The cases of *Nelson* v. *Abernathy* and *Gregory* v. *Brogan*, *supra*, have therefore no application.

WOODS, C. J., delivered the opinion of the court.

The lands embraced in this litigation are all included in one conveyance from the tax collector to appellee and were sold by the former, at the tax sale, to the latter as one tract, the tax collector first offering forty acres, and, receiving no bid, adding another forty acres, and so continuing until the entire five hundred and twenty acres were put up, when appellee bid $22.40, that being the amount of taxes due on all the land, including costs and damages. The assessment roll under which the tax collector sold, and under and in pursuance of which he

could only sell, showed the lands assessed as two separate tracts to two separate owners, more than two hundred acres being assessed to Salter and something less than three hundred acres being assessed to "unknown owner." Section 3813, code 1892, directs the tax collector to sell land on which the taxes remain unpaid, or so much or such parts of the land of each delinquent taxpayer as will pay the taxes due by him, with costs and charges, to the highest bidder for cash. The manner of offering subdivisions in making the sale is then pointed out, and the collector is then directed to so proceed to sell until the requisite amount is produced or "until all the land constituting one tract, and assessed as the property of the same owner, be offered." The statute is plain that all the land constituting one tract, and assessed to the same owner, may be sold if the requisite amount cannot be produced by the offer of subdivisions of the land, but it was never in contemplation that a collector, acting on his private opinion touching the constitution of separate parcels making one tract, or of the ownership of separate parcels, and utterly disregarding what was clearly shown on the assessment roll, might unite the lands of two distinct owners of separate tracts and sell all for the taxes unpaid of one or the other or both of the owners. We held in *Nelson* v. *Abernathy*, 74 Miss., 164, and in *Gregory* v. *Brogan, Ib.*, 694, that a tax sale was void because of the tax collector's failure to designate the several forty-acre legal subdivisions composing the tract sold by their proper description at the time of offering the same, and that such error was not cured by §§ 3813, 3815, code 1892. Surely, in the face of those decisions, the sale of separate tracts of land, assessed to different owners, in one body, was fatally erroneous, and the purchaser at such sale acquired no title.

*Reversed and remanded.*