WILKERSON *v.* HARRINGTON ET AL.

[76 South. 563, Division B.]

1. TAXATION. *Tax sales. Statute.*

Lands in different sections owned by the same party and only separated by a public road, should be assessed for taxes as a single tract.

2. SAME.

Lands in different sections, though owned by the same party but located a material distance apart, and in no way connected nor used as a part of a single farm or plantation, should not be assessed for taxes as a single tract.

3. TAXATION. *Tax sales. Contiguous tracts.*

Under Code 1906, section 4328, providing for the sale of lands for delinquent taxes, lands lying in different sections, which corner on the section line and which are owned by the same party, should be assessed and sold as one tract; the fact of their cornering being sufficient to show that they were contiguous, the word "contiguous tract" meaning tracts in actual or close contact to, adjacent, or near.

APPEAL from the chancery court of Chickasaw county. HON A. J. McINTYRE, Chancellor.

Bill by S. A. Wilkerson against C. C. Harrington and ·others. From a decree, Wilkerson appeals and Harrington cross-appeals.

Appellant, Wilkerson, exhibited a bill in chancery against appellees to cancel certain tax deeds executed by the sheriff of Chickasaw county to appellees and embracing four hundred and eighty acres of unimproved lands. The lands involved are described as the east half of the southeast quarter of section 22, the southwest quarter of section 26, the northeast quarter of section 27, and the northwest quarter of section 34, all in township 13, range 2 east. A plat or diagram of these lands will show that the lands in sections 22 and 27 join on the section line the full length of one forty, that the lands in sections 27 and 26 corner, and that the lands in section 34 are removed from the other lands the full distance of a quarter section. It is alleged in the bill of complaint that the sale was not conducted in accordance with the statute, and was unlawful, in that the lands were not sold as one tract, and that the statute requiring lands constituting a separate tract and belonging to one owner to be offered in forty-acre subdivisions was not complied with. It is also contended that one, W. A. Harrington, personally appeared and bid off a part of the lands, and had the deeds taken in the name of the defendant, C. C. Harrington, and that this was unlawful, and rendered the deeds void. This latter contention is not insisted upon in the oral arguments and briefs of counsel, and need not be further noticed.

The answer denied that the lands were sold in an improper and unlawful manner, averred that each quarter section was sold by first offering the northeast quarter of the said quarter section, and that, upon a failure to get a bid thereon sufficient to realize the taxes due, then the adjoining forty was added, and so on until the entire quarter section was offered and sold. It is thus conceded in the answer that the whole tract of four hundred and eighty acres was not sold together as one tract, and the answer denies that the four hundred and eighty acres in fact constitutes one

separate tract within the meaning of the statute. Each
quarter section was sold by the sheriff as a separate
tract, while the eighty acres in the east half of the
southeast quarter of section 22 was likewise sold as
a separate tract. There is evidence that a public road
ran between the eighty acres in section 22 and the lands
in section 27. The court upon hearing granted relief
as to the three hundred and twenty acres in sections
26 and 27, but denied relief as to the one hundred and
sixty acres in section 34. There is evidence that the
complainant did not live in the county of Chickasaw,
and did not know of the sale until after the expiration
of two years; that the lands were unimproved or
"wild" lands; that after the complainant learned of
the sale he offered to do equity, by paying all taxes,
interest, penalties, and notary and recording fees, but
the defendant refused to accept complainant's offer.
It is conceded that the taxes were not paid on any of
the lands, and the only question is as to the legality of
the method or manner of sale.

The complainant, Wilkerson, being dissatisfied with
the decree denying relief as to the one hundred and
sixty acres in section 34, prosecutes an appeal to this
court; while the appellee, Harrington, prosecutes a
cross-appeal, contending that the sheriff was justified
in selling the lands in each quarter section separately.
The record shows that the two forties in section 22
were struck off to and deeded to W. A. Harrington,
while the other lands were conveyed to appellee, C. C.
Harrington.

*S. A. Wilkinson* and *A. T. Stavall,* for appellant.

We insist that this was "one tract" assessed to the
"same owner," and that under section 4328 of the
Code of 1906 the sheriff should have first offered forty
acres for sale and if this tract did not sell for enough
to pay the whole amount of taxes, then he should have

added another forty acres, and then offered eighty acres, and if this did not sell for enough to pay the whole taxes, he should have added another forty acres and so on until he had procured enough to pay the whole taxes, or until he had sold the entire tract.

In *Griffin* v. *Ellis,* 63 Miss. 348, a suit was filed in this same county to have cancelled a tax deed. In that case the court said: "Notwithstanding that there has been, since the adoption of the Code of 1871, a statute declaring that no defense shall avail against a title, acquired in a sale for taxes, unless it be shown that the taxes for which the sale was made had been paid before the sale, the decisions of this court have been uniform in construing this declaration in connection with other provisions of law, as not preventing the owner from showing in defense a total departure from the provisions of law governing and directing the assessment and sale of the land for taxes." See 58 Miss. 138; 57 Miss. 65; 53 Miss. 519, and 54 Miss. 58.

In the case of *Nelson* v. *Abernathy,* 74 Miss. 164, going up from the same county, the supreme court said: "As to the land, it is distinctly averred in the bill and admitted by the demurrer that the sheriff offered first one forty-acre tract and then another disconnected from it and so on, and then the whole of that tract and did not add the second forty-acre tract to the first and the third to the first two and so on, and that in offering each forty-acre tract, he failed entirely to designate or describe each such lot in any way whatever."

Continuing the court said: "We do not now hold, however, that the failure to do this would make the sale void, but we do hold that the failure to describe, or designate in any way what forty acres the sheriff was offering does render the sale void. One who bids at a tax sale is entitled to know for what, precisely, he is bidding and the owner is entitled to have his land so offered by proper designation that intending purchasers may be able to bid intelligently and that the

part thus properly sold may bring as much as possible."

In this same case the court quotes from the Code of 1880, the language found in the Code of 1906 and referred to above and then say: "But this court in *Griffin* v. *Ellis,* 63 Miss. 348, in construing this very statute, held sale void, because the collector sold the whole body of land without first having offered it in sub-divisions, adding to each body an additional sub-division, until the whole was exposed."

"And it is clear that the provision in section 3813, Code of 1892, providing that no error in conducting the sale should invalidate it, does not have the effect to cure a total departure from the manner of selling prescribed by law."

In the case of *Gregory* v. *Brogan,* 74 Miss. 694, a suit was filed, asking for the confirmation of a tax title. There were several tracts and the different tracts were assessed separately as in this case. The proof showed that these parcels were contiguous and the court held that they constituted "one tract." *Rufus E. Provine et al.* v. *James Thornton et al.,* 92 Miss. 395. Parcel—"A piece of land of indeterminated extent, but usually a large lot of ground. Within the meaning of a tax law, held to apply to a whole section of land." (Anderson's Dictionary of Law.)

It is elementary that courts in construing a statute should endeavor to ascertain the intention of the legislative branch of the government in passing a law. What did the legislature mean when in section 4328 of the Code, it used the words "one tract" and assessed as the property of the "same owner"? The purpose of the law was to prevent the tax collector from doing just what was done in this case. As suggested in the case of *Gregory* v. *Brogan, supra,* the mode of sale adopted by the tax collector, "made it inevitable that the whole tract would be sold for taxes upon it, no matter how much any one forty acres might have brought." The tax collector testified that he began

with the lowest number of sections referred to in the bill, that is with the land in section 22. That was decidedly the least desirable land in the whole tract, and the proof shows that that tract sold for twenty dollars, whereas the most valuable quarter section in the tract, one hundred and sixty acres in section 34, sold for only seventeen dollars and forty-five cents.

The five hundred and sixty acres owned by the complainant being far out in the wilds of Chickasaw county, was in fact known as one tract, and was assessed to the same owner, and no sound reason can be offered as to why the legislature did not mean to protect this owner in the same manner as if this land had constituted a square.

We respectfully submit that the trial court erred in refusing to grant the relief prayed for as to the northwest fourth of section 34, and that the decree of the trial court so far as said quarter section should be reversed, and a decree rendered here in favor of the complainant.

*I. E. Harrington,* for appellee.

The only contention advanced by the appellant that is worthy of consideration is the proposition that the land was not sold as one tract. If all this land constituted one tract and the same was not offered in forty-acre tracts, described and specified, adding each time the same was offered, a definitely described forty acres, of course the same under our statute and decisions, was void. The only thing to be decided by the court in this case is whether the four hundred and eighty acres was one tract, and if not then on the cross-appeal whether the northeast quarter of section 27 and the southwest quarter of section 26 and the east half of the southeast quarter of section 22, constituted one tract. It will also be necessary to decide whether the southwest quarter of section 26, is a part of the northeast quarter of section 27, if the court should decide that by

reason of the fact that the said eighty acres joins the northeast quarter of section 27 on the north that said eighty and one hundred and sixty acres were one tract.

It is contended by appellant that the land was not sold by offering a definitely described forty acres and upon failure to get proper bid by adding another forty acres until the whole four hundred and eighty acres was sold or until the taxes on the whole four hundred and eighty acres was bid and made at such sale. It is admitted by the answer and cross-bill that the four hundred and eighty acres was not sold as one tract, but that each quarter section was sold as a separate tract, and the eighty acres was sold as a separate tract. The testimony of H. L. Harrington was incompetent and should not have been admitted over the objection of appellee. The sheriff could not impeach his own sale. *Mixon* v. *Clevenger*, 74 Miss. 67, 20 So. 184.

The trial court decided on the authority of *Gregory* v. *Brogan*, 74 Miss. 694, 21 So. 521, that as the lands were contiguous that the northeast quarter of section 27, and the southwest quarter section 26, and the east half of southeast quarter of section 22, all in township 13, range 2, east, should have been sold as one tract, and that the sale of said subdivisions was void for that reason, but that the northwest quarter of section 34, township 13, range 2, east, was not contiguous to the other lands, but a separate tract, and that the sale of the same was valid.

There is a labored effort on the part of counsel for the appellant to show that the northwest half of section 34, township 13, range 2, and the other lands constituted one tract, but there is no doubt but what the trial court reached the proper conclusion as to this quarter section. It did not join the other lands; it was never used or occupied by the same tenant, being wild lands, and was assessed as a separate tract, and sold as such, and there can be no doubt but the sale was valid. If this land had been sold with the other lands, the sale would have been void. *Higdon* v. *Salter*, 76 Miss. 766, 25 So. 864; *Speed* v. *Mc-*

*Night,* 76 Miss. 723, 25 So. 872; *Hewes* v. *Seal,* 80 Miss. 537, 32 So. 55.

As to the other lands the only thing that can be said in favor of the appellant is that the lands are contiguous. They were not used as a farm, as was the case in *Gregory* v. *Brogan,* 74 Miss. 694, 21 So. 521. They were wild lands.

A tract, of land is a body of land or plantation. 28 Am. Eng. Ency. of Law, page 338, note 1. There it is said: "The term plantation as well as tract is used as descriptive of a body of land. In common parlance they are used as convertible terms, and we speak of our plantation or our tract of land, intending to be understood as speaking of the same body of land. A plantation may consist of several tracts of land; indeed it is most commonly the case that it does." In 38 Cyc. 669; a tract is defined as something drawn out or extended; a region or quantity of land or water of indefinite extent.

The fact that the lands involved in this suit are wild lands, that they were not used as a farm, that the east half of section 22 is separated from the northeast quarter of section 27 by a public road, and the fact that the northeast quarter of section 27 and the southwest quarter of section 26 only cornered and only touched at an infinitesimal point distinguishes this case from the Brogan case, and shows that they were in truth and in fact separate and distinct tracts of land and could not have been sold as one tract. *Higdon* v. *Slater,* 76 Miss. 732, 25 So. 872; *Hewes* v. *Seal,* 80 Miss. 537, 32 So. 55.

We submit that there was no error on the part of the trial court in deciding that the northwest quarter of section 34 constituted a separate tract from the other lands, but we do earnestly insist that the lower court erred in holding the east half of southeast quarter of section 22, and the northeast quarter of section 27, and the southwest half of section 26 to be one tract, and submit that these separate subdivisions constituted separate and distinct tracts under the proof, and that therefore the sale was valid, and that the title of the appellee and cross-appellant

to all of said lands should have been confirmed by the lower court, and ask that a decree be entered here to that effect. We especially insist that the sale was valid as to the southwest quarter of section 26, because it could not be considered as one tract with the northeast quarter of section 27, and also as to northwest quarter of section 34, which at no place touches the other lands.

STEVENS, J., delivered the opinion of the court.

(After stating the facts as above). The proof shows without conflict that the lands in sections 22 and 27 join on the sides and are admittedly contiguous. It is further shown that all the lands involved in this suit, as well as the two forties in section 22 belong to and were assessed to the one owner, appellant Wilkerson. There is no merit in the point that a public road would be sufficient to separate the lands in section 22 and the lands in section 27, so as to make them two separate tracts. There is no question, then, about the lands in sections 22 and 27 forming a part of the same tract. We think, also, there can be no question about the *status* of the lands in section 34. The quarter section in 34 is located a material distance away from the other lands in controversy and constitutes in itself a separate tract within the meaning of the statute. None of the lands were in cultivation, and accordingly the lands were not connected in the sense of comprising one farm or plantation. The lands in section 34 were separately assessed on the assessment roll, and, being removed from the other lands, were properly sold as a separate tract. The complainant failed to show that the sheriff did not comply with the statute by first offering forty acres, and then adding a similar subdivision, and so on until the requisite amount of taxes was produced. It appears that the lands brought small amounts, the one hundred and sixty acres in section 34 realizing seventeen dollars and thirty-five cents, and at no time did the sheriff have sufficient excess to relieve the balance of the lands from a sale.

The only difficulty in the case is in the answer to the question whether the lands in sections 26 and 27, which corner on the section line, are to be regarded as forming, in connection with the two forties in section 22, one tract. Our first duty is to construe section 4328, Code of 1906, and especially the language "until all the land constituting one tract and assessed as the property of the same owner be offered." Confessedly we have here "the property of the same owner" which is being sold. The primary purpose of the statute is to collect the delinquent taxes and to do so with the least possible injury to the taxpayer. As remarked by our court in *Gregory* v. *Brogan,* 74 Miss. 694, 21 So. 521:

"It is not the policy of the government to punish the delinquent taxpayer. On the contrary, it is the policy to collect the tax with the least possible injury to the delinquent taxpayer, and consequently the collector shall sell the smallest amount of land that will bring the delinquent taxes."

The object of the statute is to realize "the amount of taxes due by" the one taxpayer whose property is being proceeded against. In making the sale, therefore, the collector should offer all the land constituting one tract, or so much thereof as is necessary in realizing the debt due by the owner. With these principles in view, we are justified in holding that the lands in sections 26 and 27, under the facts shown by this record constitute one tract. Our court in *Provine* v. *Thornton,* 92 Miss. 395, 46 So. 950, had occasion to say what constituted "a single tract," within the meaning of section 111 of the Constitution, and in reaching our conclusion in the present case we are within the spirit of the Province-Thornton decision. What constitutes one tract depends largely upon the particular statute or context in which the phrase is employed. We find in Words and Phrases, vol. 2, p. 1496, the following statement:

" 'Contiguous,' as defined in Webster's Unabridged dictionary, means 'in actual or close contact to; touching; adjacent; near; lying and adjoining.' A tract of land is 'contiguous' to another tract which corners with it. *Clements* v. *Crawford County Bank,* 40 S. W. 132, 133, 64 Ark. 7, 62 Am. St. Rep. 149.''

It is true the Arkansas court, in the case referred to, was called upon to determine what constituted a homestead within the meaning of their statute. Our court in the Province-Thornton Case recognized:

"That the usual signification of the word 'tract,' as applied to land, is contiguity of the parcels of property."

We think, within the meaning of our revenue statute here under review, the lands are sufficiently contiguous if they touch or corner. This appears to have been the view of the learned chancellor, and it follows that the decree complained of must be affirmed, on both direct and cross appeal.

*Affirmed.*