ALBRITTON *v.* FAIRLEY.

[77 South. 651, Division A.]

1. EVIDENCE. *Tax deed. Correction of description by extrinsic evidence.*
   Where the tax assessment described land sold for delinquent taxes
   as "Mrs. N. M. Fairley, fifty feet on east half of lots 7 to 12,
   block 100, section 4, township 8, range 11, City of Gulfport,"
   and the tax deed described the land as "One lot fifty feet on
   east half of lots 7 to 12," etc., lots 7 to 12 being one hundred
   and sixty feet long, running east and west. Therefore the de-
   scription "East half of lot 7 to 12" would certainly designate the
   east eighty feet of these lots. The tax deed calls for fifty feet
   on this eighty foot tract. Whether this fifty feet be intended on
   the east or west end of this eighty-foot tract, the tax deed on
   its face does not disclose, but the assessment and tax deed
   furnish the clue which, when followed by the aid of other testi-
   mony, conducts certainly to the land intended, and in such case
   oral testimony and documentary proof may be introduced for
   this purpose.

APPEAL from the chancery court of Harrison county.
HON. W. J. Gex, Special Chancellor.

Suit by Jennie T. Albritton against Mrs. N. M. Fairley.
From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Griffith & Wallace,* for appellant and J. R. McDowell.

It was to meet just such cases as this that the sta-
tute, section 4285, was passed, although there has
been much quibbling over it, and some few decisions
have seemed bent on judicially repealing it, but those
are not the later decisions. The later decisions have
come back to the case of *Dodds* v. *Marx,* 63 Miss. 443,
which upheld a description as follows: "Lot two and
parts of lots one and three Harley plat in Hazelhurst,
section 3 township 10, range 8 East, and the court held
in that case, p. 446" (the description is the one quoted)

"was sufficient as it could be applied by the aid of parol evidence to lot two, and thirteen feet off lot three, square three, in the Harley plat and it was clearly shown that it was intended for these parcels. Compare that description in that case with what it was held it could be shown to cover, and then compare it with the case we have here, and we submit all supposed difficulty in our case disappears.

How the idea could ever have arisen in the face of the statute, and in view of such an often reaffirmed decision as the above that the assessment roll and the tax deed only could be looked to, is strange indeed. But it is even stranger when we find that the next two sentences in the *Dodds* v. *Marx* case has given rise to most of the quibbling. The opinion continues:

"The roll must furnish the clue which, when followed by the aid of parol testimony, conducts certainly to the land intended. It is admissible only to apply the description on the roll, which must give the start and suggest the course which, being followed, will point out the land intended to be assessed."

A clue is defined by the dictionaries as "a hint or suggestion which guides one in an intricate case" and in *Herman* v. *De Moines,* 98 N. W. 609, it is said that a clue is a thing which, if followed up diligently, would lead to a discovery.

And yet in some decisions and the effect of the lower court's decision in this case is that the clue must be within itself full information, or a full description; in other words that the only clue that will do is an assessment that is a perfect description in itself, and in effect that there is no such statute as section 4285, Code 1906.

There is nothing to do here except by the aid of parol to apply the description on the assessment roll to the land here in question nothing in either has to be eliminated, nothing changed, nothing disregarded,

nothing to do but to apply or fit the fifty feet assessed to appellee in the east half of lots seven to twelve to the fifty feet in said east half of the said lots seven to twelve owned by her, it being the only fifty feet therein separately owned.

We cite *Railroad* v. *Leblanc, supra,* on this point also, and we call especial attention to the case *Wheeler* v. *Lynch,* 89 Miss. 157, and to the statement of facts of the case and how the proof was to be arrived at, the brief of appellant and the opinion of the court specially approving that brief.

The case *Reed* v. *Heard,* 97 Miss. 743, is also closely in point, and disposes of some of the cases which had seemed to hold a distinction as between latent and patent ambiguities, and which discusses the law much better than we could attempt to do it, and we cite also *Standard Drug Co.* v. *Pierce,* 111 Miss. 354.

*T. A. Wood* and *Denny & Denny,* for appellee.

It is insisted in this case by the appellant that lots No. seven, eight, nine, ten, eleven and twelve, in Block No. 100 is one hundred and sixty feet running east and west, that these lots were divided in halves, and that Smith owned the western half, eighty feet and that Stepesich and Mrs. M. N. Fairley owned the other half, Stepesich owning thirty feet off the east end and Mrs. M. N. Fairley owning forty feet.

The record herein shows that Smith owned the west half eighty feet. In order to prove where Mrs. Fairley's fifty feet was, the assessment of Stepesich was introduced at page No. 50 of said transcript, which are in these words: "D. N. Steppesich," thirty feet off west end, lots seven, eight, nine, ten, eleven, and twelve, in Block No. 100." Mrs. Fairley's assessment on the same page shows Mrs. Fairley's "fifty feet on east half of lots seven to twelve, in block 100." This is the only

assessment on the assessment roll and was introduced here to show that Stepesich owned the thirty feet off of the east end of these lots, whereas the assessment shows the west end. There is no other assessment of this eighty feet off the east end of these lots, except Mrs. M. N. Fairley's. The attempt to remove this defect was undertaken by introducing the deeds of Steppesich to show that he owned the thirty feet in the east end of the lots, without showing a payment of taxes on same, but if the taxes were shown to have been paid on this thirty feet of Stepesich, even in the east end, it would not remove the discrepancy for the assessment, which gives the clue, shows that the assessment was made in the west end. In support of same is cited *Dodds* v. *Marks,* 63 Miss. 443, in *Railroad Co.* v. *Leblanc,* 74 Miss. 650, and in *Wheeler* v. *Lynch,* 89 Miss. 157. Neither one of these cases has any reference to record of this kind.

It is useless to repeat what the 63 Mississippi had decided, but the 74th Mississippi goes on to speak about the evidence in an ejectment suit for the recovery of a piece of land whereby the plaintiff had had a decree confirming title and the controversy was over the question as to whether or not a deed to the land should be introduced in the enjectment suit to explain what was done in the chancery suit of confirmation. In that case there was thirty-eight acres assessed to one man and two acres to another, and the evidence was introduced to show who had the two acres and who paid the taxes on it, leaving only thirty-eight acres in that subdivision unpaid on. The court held that could be done for the reason that by the assessment and payment of taxes, it was shown that only thirty-eight acres in that subdivision was left to be paid on. There is nothing of that kind in this case; nobody paid, and there is only one assessment of fifty feet of this eighty feet half.

I think that the evidence of Mr. Wallace, as an expert draughtsman, fails to show that any plan or subdivision of block No. 100 was ever made. I think that Mr. Wallace's testimony is inadmissible.

HOLDEN, J., delivered the opinion of the court.

This is a suit to confirm a tax title to a lot in Gulfport. The defendant below successfully defended on the ground that the tax deed was void on account of uncertainty in the description. This is the only question of merit in the case. The assessment describes the lot as, "Mrs. N. M. Fairley, fifty feet on east half of lots seven to twelve, block 100, section 4, town 8, range 11, City of Gulfport." The tax deed describes the land as "one lot fifty feet on east half of lots seven to twelve," etc. The record shows that said lots seven to twelve are one hundred sixty feet long, running east and west. Therefore the description "east half of lots seven to twelve" would certainly designate the east eighty feet of these lots. The tax deed calls for fifty feet on this eighty-foot tract. Whether this fifty feet be intended on the east or west end of this eighty foot tract, the deed on its face does not disclose. But we think that the assessment and tax deed furnish the clue or reasonably definite starting point, which, when followed by the aid of other testimony, conducts certainly to the land intended, and oral testimony and documentary proof may be introduced for this purpose.

In the case before us the appellant offered to show by deeds of record that Mrs. Fairley, the delinquent in the tax sale of this tract, was the separate owner of the fifty feet on the east end of the east half of said lots seven to twelve when it was assessed, and that Stepich owned the other thirty feet in this eighty-foot tract, and that smith owned the other eighty feet comprising the west end of said lots seven to twelve. The chancellor excluded this testimony as being incompetent. We think the court erred in not permitting this proof in aid of the description

in the tax deed. The description in the tax deed is ambiguous and uncertain, but it is sufficiently definite to come within section 4285, Code of 1906 (section 6919, Hemingway's Code), permitting oral testimony in aid of the ambiguous description, the uncertainty of which may thus be cured (*Dodds* v. *Marx,* 63 Miss. 443; *Railroad* v. *Le Blanc,* 74 Miss. 650, 21 So. 760; *Wheeler* v. *Lynch,* 89 Miss. 157, 42 So. 538).

The judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*