### FAIRLY *v.* ALBRITTON.

[83 South. 801, In Banc. No. 21011.]

TAXATION.    *Filing list of lands sold at special sale thirty four days thereafter not "immediately" under the statute.*

Under Code 1906, section 4367 (Hemingway's Code, section 7006), requiring that the list of lands sold for taxes at a special sale should be filed with the chancery clerk immediately," the word "immediately" means as soon as practicable under the circumstances and where such list was short and could easily have been prepared and filed within a few days after the sale, the filing of such list thirty-four days after the sale was not a compliance with the statute.

APPEAL from the chancery court of Harrison county. HON. WM. D. BULLARD, Special Chancellor.

Suit by Mrs. Jennie T. Albritton against Mrs. N. M. Fairly. From a decree for complainant, defendant appeals.

The facts are fully stated in the opinion of the court.

*Oscar Baxstrom,* for appellant.

We do not contend that the list of lands filed under sections 4367 and 2935, of the Code of 1906, being the same as section 4, chapter 67 of the Laws of 1902, in force at the time of the tax sale herein involved, must be filed within thirty days and counsel is in error in averring that we have attempted to thus construe the requirements of said statute. This statute says that the list must be filed immediately, and we contend that it means exactly what its plain unambiguous language sets forth. Even if we should give the word "immediately" the meaning suggested by counsel, we respectfully submit that the delay shown in this case of the filing of the list could never be construed to be within a reasonable time. The sale was made on the first Monday and the following day, being the 6th and 7th days of July, and the court can readily see that this list was not filed until the second Monday, the 10th day of August. At the regular time for making tax sales as the law was written when this sale took place, the tax collector was allowed from the first Monday of the month in which the sale was made until the first Monday of the succeeding month to file his conveyances and lists. But in this instance, in the case of a special sale, the tax collector made the sale on the first Monday and the following day of one month and filed the list of land sold to the state on the second Monday of the following month, and that, too, in the face of a statute requiring that the same be immediately filed, we cannot conceive how a more liberal construction could be put upon the word "immediately" as used in this statute than by saying that it means such time as would allow the tax collector, by using due diligence and effort, to prepare his conveyances and lists and file the same with the clerk of the chancery court, and we submit that this record shows that such was not done and com-

plied with. As above stated, we submit that such a construction would be liberal indeed.

Counsel says that the object of filing this list is to give notice to the world, and argues from that proposition that because the list had been filed some ten years or more before the land was sold by the state all purposes of the statute had been fully met. We submit that such an argument really needs no answer. Its fallaciousness condemns it. The purpose of the statute was to give notice to the landowner and to all interested in the land. The filing of a tax conveyance in the office of the chancery clerk to there remain for two years from the date of the sale is not notice to the world, and if the purchaser at such tax sale neglects to file such conveyance for record, even though it has already been on file in the office of the clerk of the chancery court for two years from the date of the sale, he is liable to lose the land so bought to an innocent purchaser, for sales without notice as this court has already held in the case of *Sinster* v. *Barber*, cited in our former brief. According to counsel's argument the time of the filing is immaterial, providing the list remains on file for a great number of years.

We respectfully submit that this case should be reversed and the bill dismissed.

*Jas. R. McDowell,* for appellee.

Upon re-reading counsel's brief it is noted that he attempts to construe section 2935 of the Code of 1906, as requiring a tax collector in making a sale of lands to individuals for taxes to the state to file the list of same with the chancery clerk within thirty days. Just how he arrives at the time in which this list should be filed is not disclosed unless by inference he concludes that because the conveyance of lands sold to individuals on the first Monday of March, the regular time, for such

sale fixed by law, must be filed on or before the first
Monday of April, "there to remain for two years from
the date of sale."

Counsel doubtless infers that thirty days always
elapses between the first Monday in March and the first
Monday in April.   In the first place, this is fallacious.
For instance, if the first Monday of March came on the
first day of March, then the first Monday of April would
be the fourth day of April, or thirty-five days later.   In
the instant case the list was filed thirty-four days later.
But there is nothing in section 2935 which requires such
list to be filed within thirty days, or within any other
given period.   If counsel insists that such list must be
filed before the first Monday in April where a sale is
made in August, then this has been done. Strictly con-
strued, this means the first Monday of April following,
as we held in the *Weston Case*, 109 Miss. 362, construing
section 2933, Code of 1906.

If counsel insists that it must be done immediately to
use the words of section 2935, which is the same as
section 3850 of the Code of 1892, in force at the time this
sale was made, then what is meant by 'immediately?'
There can only be one fair interpretation and that is
that it must be done within a reasonable time.   Thirty-
four days is not an unreasonable delay, because the very
statute, section 4338 relied on by counsel in reckon-
ing his time, permits that much delay, as heretofore
demonstrated.

Counsel also seems to lose sight of the principal object
of filing this list.   Its object is to give notice to the world.
According to section 4338 the conveyance to individuals
must remain on file "two years from the date of sale."
So therefore, if the land is sold at the regular time to an
individual, although the conveyance is not recorded un-
til a month later, the notice given by filing will not be a
full two years' notice, but only one year and eleven
months since the requirement is that it shall remain

on file "two years from the date of sale," but, coupled with this provision is the requirement that it must be done within about thirty-four or thirty-five days at most.

Since writing my brief a few days ago I have had occasion to examine 4 Cyc., section 3267, and call attention to the collection of authorities therein cited. Respectfully submitted.

HOLDEN, J., delivered the opinion of the court.

This case is here on appeal the second time. See *Albritton* v. *Fairley,* 116 Miss. 705, 77 So. 651. It involves the validity of the tax title to a lot in Gulfport. In our former decision of reversal we held that certain oral and documentary proof could be made in aid of the ambiguous description in the tax deed. When the case was heard the second time in the lower court, the appellant, who was defendant there, presented a new defense to the action, which is that the tax sale was void because the tax collector failed to immediately file in the office of the chancery clerk a list of the lands sold at the tax sale as required by section 4367, Code of 1906 (section 7006, Hemingway's Code). We here quote this section.

"4367. How Land Not Sold at Regular Time May be Sold.—If from any cause a sale of any land for taxes which is liable to such sale shall not be made at the time appointed by law for such sale, it may be sold thereafter, in the same or a subsequent year, at any time designated therefor by order of the board of supervisors, Notice of a sale so ordered shall be given by advertising it in the manner prescribed by law for the sale of land for taxes; and the same shall be made at the same place and subject to all the provisions of law applicable to such sale at the time appointed by law, and a list of lands sold to the state and of conveyances to individuals

shall be immediately filed in the office of the clerk of the chancery court, who shall at once record the list and send to the land commissioner a certified copy of it; and conveyances to individuals shall be dealt with as those made at the time appointed by law are required to be; and such list and conveyances shall be as valid and have the same effect and be subject to all the provisions of law applicable to such list and conveyances made of land sold at the regular sale for taxes."

It appears that the lot here in question was sold by the tax collector at a special tax sale designated by the board of supervisors on July 7, 1903, for the taxes of 1902. The tax collector filed with the chancery clerk the list of lands sold to the state, which included the lot here involved, on the 10th day of the following August. Thus it will be seen that the list of lands sold was not filed with the chancery clerk until thirty-four days after such sale.

It is contended by the appellant that the filing of the list thirty-four days after the sale invalidates the tax title under the provision of the said section 4367. A decision of this point will end the case.

The question, then, is whether or not the filing of the list thirty-four days after the sale is an "immediate" filing as required by the statute. It may be observed in in this connection that the list of lands sold at a regular tax sale is required to be filed between the first Monday in one month and the first Monday of the following month. But in special tax sales, under section 4367, it is provided that the list shall be immediately filed in the office of the chancery clerk. Would it be reasonable to say that the filing of the list thirty-four days after the sale was a compliance with the statute? Does the requirement of the list to be immediately filed mean that it may be filed within a reasonable time after the sale?

We must interpret the meaning of the statute by its plain language. We are of opinion, therefore, that the

tax collector failed to comply with the statute. Certainly it cannot be said that the filing of the list thirty-four days after the sale was an "immediate" filing with the clerk; nor can it be well contended that the filing of the list thirty-four days after the sale was within a reasonable time under the circumstances in this case. We think the word "immediately" in the statute means that the finding must be done as soon as practicable, under the circumstances, after the sale. It was not intended to signify that the filing might be done within a reasonable time, unless it may be said it means that it must be filed at once within such reasonable time as is practicable under the circumstances. But surely a failure to file the list until after thirty-four days cannot be said to be "immediately," or as soon thereafter as it was reasonably practicable to do so. Therefore the failure of the tax collector to comply with the statute was fatal and rendered the tax sale void.

It is said in a case cited in Words and Phrases (*Hexamer* v. *Sonthal,* 49 N. J. Law, 682, 10 Atl. 281) that—"The terms 'immediately,' when used in speaking of an act required to be immediately performed, is stronger than the expression 'within a reasonble time;' yet many circumstances might arise where an act to be done within a reasonable time must be done immediately."

And again from the same authority it is said: " 'Immediately' is a term of relative signification, and never designates an exact portion of time, and is used with more or less latitude by universal consent, according to the subject to which it is applied."

It seems clear to us that the legislature meant to provide that in special tax sales, as distinguished from regular tax sales, the list of lands sold should be immediately filed with the chancery clerk, not on or before the first Monday of the next month as in regular sales, but "immediately"—that is as soon as practicable under the

circumstaces; as soon as the collector could conveniently make up the list and file it with the chancery clerk. In this case the list of lands sold at the special sale was very short and could have easily been prepared and filed within a few days after the sale. Therefore the filing of the list thirty-four days after the sale was not an "immediate" filing within the meaning and contemplation of the statute.

The decree of the lower court is reversed, and judgment here for the appellant dismissing the bill.

*Reversed and dismissed.*