Lena Anderson, Administratrix of the Estate of Druie
Anderson, Deceased, and Roscoe Boyd, Appellees,
v. Frank J. Steinle, Trading as Dr. Pepper Bottling
Company, Appellant.

168

Opinion filed March 4, 1937.

FERRELL & HAY, of Marion, and POPE & DRIEMEYER, of East St. Louis, for appellant.

D. L. DUTY and L. A. COLP, both of Marion, for appellees.

MR. JUSTICE EDWARDS delivered the opinion of the court.

This action is a suit brought by Lena Anderson, administratrix of the estate of Druie Anderson, deceased, and Roscoe Boyd, against Frank J. Steinle, to recover damages for the death of Anderson, and for injuries to Boyd, arising out of a collision when Boyd in company with Anderson drove their car into the rear of a truck belonging to defendant while such truck was standing upon the cement highway near the city of Marion.

Plaintiffs' case is based upon the contention that defendant's driver stopped the truck partly on and partly off of the cement slab, without maintaining tail or other lights, or putting out flares, as required by Ill. State Bar Stats. 1935, ch. 95a, ¶ 42(4); Jones Ill. Stats. Ann. 85.055(2) (sec. 57b, ch. 95½, Smith-Hurd R. S. 1935), and that such failure in regard to lights and flares was the sole proximate cause of the collision. Defendant denies such contention, and claims that Boyd and Anderson were guilty of negligence which proximately contributed to cause the accident.

Anderson left him surviving his widow and three children, one of whom was a daughter 14 years of age. A jury found for the plaintiffs, assessing Boyd's damages at $350, and those of the administratrix of the deceased at $5,000. Judgment was entered upon the verdict, after overruling motions for judgment *non obstante* and for a new trial, and defendant prosecutes this appeal.

As to the argument that the verdict was contrary to the weight of the evidence, we think the jury were warranted under the proof in finding for the plaintiffs.

It is alleged that the trial court erred in permitting the administratrix to prove that her intestate, at the time of and prior to the accident, had a general good moral character. So far as the administratrix was concerned, the action was brought under the Injuries Act to recover for the pecuniary loss which she and her children sustained as a consequence of his death. The law is well settled in this State that in such class of suits, where there is a minor child, it is competent for the plaintiff to prove that the deceased father was a person proper and competent to give to the minor child moral training, and where such proof is made the jury may consider the loss of same, which the child sustained by reason of the parent's death, as an element

of the damage. *Goddard v. Enzler*, 222 Ill. 462; *Illinois Cent. R. Co. v. Weldon*, 52 Ill. 290, 294, 295. It was therefore proper for plaintiff administratrix to prove that her intestate was one suited and fitted to give moral training to the minor daughter, and it was a proper method, in establishing such fact, to show that he was a person of good moral character and reputed as such. We think the court's ruling was correct.

It is further asserted that plaintiffs' instruction No. 10 was erroneous in two regards: first, that it was peremptory in its character and as such should have contained every element necessary to a recovery, and that it was lacking in failing to require the jury to find that defendant was guilty of negligence, and that plaintiffs were free from same. The instruction, however, did contain at its close the requirement: "And if you further believe from the greater weight of the evidence that the failure of defendant to so set out said warning signals, if there was such a failure, was the direct cause of the injuries involved in this case to the plaintiffs, then you should find the defendant guilty."

It will be noted that the instruction required the jury to find that defendant's failure to give the statutory warning was the "direct cause" of the injuries to plaintiffs. The phrase "direct cause" has been held to mean, "the active, efficient cause that sets in motion a train of events which brings about a result without the intervention of any force started and working actively from a new and independent source"; *Lynn Gas & Electric Co. v. Meriden Fire Ins. Co.*, 158 Mass. 570, 33 N. E. 690; and in *Tuff v. Waman*, 5 C. B. (N. S.) 573, it is said: "The direct cause of an injury is one without which the injury would not have happened." We think the jury must have understood they were to find that defendant's failure to give the warnings complained of was the sole cause of the accident, which of course would necessarily include the negligence of de-

fendant, as proximately causing the injury, and exclude the negligence of plaintiffs, as proximately contributing to the injury.

It is also argued that the instruction is erroneous in that it told the jury that if defendant, when he stopped the truck, failed to "immediately give warning to the public" by displaying flares in the immediate vicinity of the truck, and that such failure was the direct cause of the injuries, then defendant was liable. This is in the language of the statute. However, we think the instruction should not have been so worded. It is fundamental that statutes must be given a reasonable construction and the intent of the law makers ascertained if possible.

It has been repeatedly held that where the doing of an act is required to be done immediately, whether the obligation is imposed by law or by contract, it means that the performance shall be with due and reasonable diligence in view of the circumstances of the case, and without unnecessary or unreasonable delay. *Niagara Fire Ins. Co. v. Scammon,* 100 Ill. 644; *State v. Bonsfield,* 24 Neb. 517, 39 N. W. 427; *Remington v. Fidelity & Deposit Co. of Maryland,* 27 Wash. 429, 67 Pac. 989; *Park County v. Big Horn County,* 25 Wyo. 172, 166 Pac. 674; *Fairly v. Albritton,* 121 Miss. 714, 83 So. 801.

It does not seem reasonable that the legislature should intend that the driver of a motor vehicle, who stops upon the highway, should be held to place out flares immediately according to the literal meaning of the word, which, in supposable instances, might require same to be done before it was physically possible. It seems more logical that the statutory requirement was designed to obligate such person to do so with reasonable diligence and without unnecessary delay.

This part of the instruction, standing by itself, was erroneous. However, the court, in instructions Nos. 6 and 8 for the defendant, correctly enunciated the rule

with clarity and emphasis, hence we do not think defendant was prejudiced by the giving of plaintiffs' instruction No. 10. *Pridmore v. Chicago, R. I. & P. Ry. Co.*, 275 Ill. 386.

Objections are also made to certain other of plaintiffs' given instructions. Same are technical in character, however, and upon this record we do not think they could have worked any injury to the defendant.

For which reasons the judgment is affirmed.

*Judgment affirmed.*