### Nell M. Belcher, Appellee, v. Citizens Coach Company, Inc., and Elizabeth Keiser, Appellants.

### Term No. 4,507.

619

October term, 1945. Opinion filed January 7, 1946. Released for publication February 7, 1946.

GREEN & HOAGLAND, of Alton, for appellants; KENNETH E. KELLY, of counsel.

PHILIP G. LISTEMAN, JOSIAH WHITNEL and LLOYD MIDDLETON, all of East St. Louis, for appellee; WHITNEL, BROWNING, LISTEMAN & WALKER, of East St. Louis, of counsel.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This case is before us on appeal from a judgment in favor of appellee, Nell M. Belcher (hereinafter called plaintiff), and as against appellant, Citizens Coach Company, Inc. (hereinafter called defendant), in the sum of $6,000.

The cause was first tried in February of 1944, upon a complaint which charged the defendant, Citizens Coach Company, Inc., with negligence in parking and stopping two of its busses on Washington street, in Alton, Illinois, and charged another defendant, Elizabeth Keiser, with wilful and wanton misconduct in the operation of her automobile. Verdicts were returned in favor of plaintiff as against both defendants in that action, and separate motions for judgments notwithstanding the verdicts, as well as the motion for new trial by the plaintiff on the ground of inadequacy of the verdicts were made and granted. On appeal to this court, we held that the judgment was improperly entered in the plaintiff's suit as against the defendant, Citizens Coach Company, Inc., but affirmed the action of the trial court in entering judgment in favor of the defendant, Elizabeth Keiser. Following the reversal and remandment of the cause for new trial, the cause was again tried in the circuit court of Madison county upon the second amended complaint of plaintiff, and the answer of the defendant, Citizens Coach Company, and it is from a judgment in favor of the plaintiff in the sum of $6,000 as against such defendant, that this appeal is taken. Motions for judgment notwithstanding the verdict, for a new trial, and in arrest of judgment were denied in the court below.

As we indicated in the previous opinion in the appeal considered in this court resulting from the first trial of this cause (*Belcher v. Citizens Coach Co., Inc.,* and *Elizabeth Keiser,* 324 Ill. App. 226, Abst.), the complaint in the action charged the defendant, Citizens Coach Company, Inc., with ordinary negligence and the defendant, Keiser (who was not involved as a defend-

ant in the present trial), with wilful and wanton misconduct. The accident on the basis of which the action was filed, occurred on April 8, 1943 at about 11:00 o'clock in the morning, on a sunny day, when the pavement was dry and the weather was mild. The defendant Keiser (who is the daughter of the plaintiff), was driving her husband's automobile in a southerly direction on Washington avenue, in the City of Alton, Illinois. In the automobile with Mrs. Keiser were her infant child, another passenger (a Mrs. Laszewski), and the plaintiff. Plaintiff was holding her grandchild upon her lap as the automobile proceeded south toward the intersection of Washington avenue and East Broadway. Just north of the intersection at Washington avenue and East Broadway, Washington avenue is intersected by another street called "Bozza Street." Between East Broadway and Bozza street, Washington avenue is only slightly upgrade, and beginning at Bozza street, Washington avenue rises to a sharp grade to the north. It is a straight and unobstructed avenue. Washington avenue is an extensively traveled business street.

The evidence indicates that one of the motor busses operated by the defendant Coach Company was parked on the east side of Washington avenue just below the Bozza street intersection, with its front end headed into the curb and its rear end extending out over the center line of the street. There were other automobiles parked along the west side of Washington avenue. Just below Bozza street another motor bus of defendant company had turned south from Bozza street and was headed south on Washington avenue. The evidence discloses that this bus was stopped east of the west curb of Washington avenue and was parked directly across from the north-bound bus, with the result that the two busses of the defendant company occupied all but about 5 or 5½ feet of the traveled portion of Washington avenue. There was,

apparently, no other moving vehicular traffic on Washington avenue between the automobile being driven by Mrs. Keiser, and the parked busses of the defendant company.

As we have indicated, plaintiff, who had been totally blind for about four or five years at the time, was seated in the front seat of the automobile being driven by her daughter, Mrs. Keiser, between Mrs. Keiser and Mrs. Laszewski. Mrs. Keiser's child was in plaintiff's lap. At the top of Washington street hill, going south, Mrs. Keiser had stopped her automobile and a bottle was made available for the baby. Thereafter, Mrs. Keiser started to drive south down Washington avenue toward Bozza street. When the car had reached a point about 180 feet distant from the Bozza street intersection she saw the defendant's busses standing on Washington street south of Bozza street. Mrs. Keiser stated that she thought there was space enough between the two busses for a car to go between them, but it developed that there was not sufficient space for her car to pass between the busses. The brakes on Mrs. Keiser's car apparently failed to work and as she was heading in the direction of the busses she stated, "We are going to have a wreck." About four or five seconds elapsed between the time of the making of that statement and the collision. There was a violent collision as the Keiser car struck the left side of defendant's bus, which was on the east side of Washington street. The Keiser car had been traveling at about 25 to 30 miles an hour at the time of the collision. The collision caused the Keiser automobile to be completely demolished. As the result of the collision, plaintiff suffered a severe fracture of her right knee cap, and she was hospitalized and surgery was required to unite the broken patella and to close the wound. She has suffered permanent injury to the knee, and limitation of flexion, and, likewise, incurred substantial medical expense. Defendant in

this action does not question the amount of the damages awarded by the jury in the court below.

Defendant Coach Company, on this appeal, contends that the court below erred in disallowing its motion to strike the second amended complaint, its motions for directed verdict, and motions for judgment notwithstanding the verdict, and for new trial, as well as motion in arrest of judgment. The contentions of the defendant can best be summarized as being, (1) That defendant Coach Company was not liable because the sole proximate cause of plaintiff's injuries was the negligence of Mrs. Keiser; (2) That plaintiff was guilty of contributory negligence; (3) That the complaint of plaintiff was insufficient; (4) That a certain instruction given on behalf of plaintiff constituted prejudicial and reversible error; and (5) That the verdict was against the manifest weight of the evidence. We do not believe that any of these contentions, in the state of the record, justify a reversal of this cause.

■■ As we indicated in our previous opinion in this cause (*Belcher v. Citizens Coach Co., Inc.,* and *Elizabeth Keiser, supra*), the blocking of a highway or overcrowding of a pavement has been held to constitute negligence which could constitute a proximate cause of a collision even though negligence of a third party intervened in the chain of events leading to the injury (*Rhoden v. Peoria Creamery Co.,* 278 Ill. App. 452). We also indicated that the jury has a right to determine as a question of fact what was the proximate cause of the collision under a state of facts such as we find in the instant case, and that a jury could be justified in concluding that the defendant Coach Company was negligent, and that such negligence was a proximate cause of the injury to plaintiff.

■ Similarly, we indicated that the question of plaintiff's due care was one for the jury to determine, and that under the facts plaintiff was not chargeable

with the negligence of the defendant Keiser (*Thompson v. Atchison, T. & S. F. Ry. Co.*, 258 Ill. App. 123, 131). It is difficult indeed to understand the contention that a blind woman could be charged with contributory negligence, as a matter of law, where she hears a statement that a collision is about to occur four or five seconds before it does occur and she does or says nothing. It seems to us there would have been greater likelihood of negligent conduct contributing to the accident if some attempt had been made by the sightless woman to interfere with the probable efforts of the driver to avoid an accident. There are enough hazards in driving which result from directions from those who apparently are able to see.

It is obvious from a review of the record that a question of fact was raised by the proof, and that the jury's findings should not be set aside as being against the manifest weight of the evidence (*Goldstein v. Metropolitan Life Ins. Co.*, 324 Ill. App. 168, 174). Two juries have found the issues in favor of the plaintiff as against this defendant (*Jenisek v. Riggs*, 320 Ill. App. 158, 163). There is no basis in the record upon which this court could be justified in setting aside the judgment as being against the manifest weight of the evidence.

As to the contention that the second amended complaint, upon which the cause was tried, fails to state a cause of action, we should note that defendant failed to challenge the complaint upon the first appeal. The complaint contains a general averment of negligence as against the defendant Coach Company. It is true that in the complaint another defendant was charged with wilful and wanton misconduct, but those allegations could be treated as surplusage insofar as this proceeding is concerned, since the action against the Coach Company alleges a different breach of duty, that is, the negligence on part of the Coach Company growing out of the same transaction, and which is set

up in the same count. The evidence justified the conclusion by the jury that the Coach Company was guilty of negligence in angle parking and double parking of the busses so as to obstruct the street. Under the circumstances and in view of the record, the complaint is adequate to sustain the verdict and the judgment (*Scally v. Flannery*, 292 Ill. App. 349, 352).

The instruction complained of by defendant company states that plaintiff's complaint alleges that defendant carelessly parked two of its busses along Washington avenue so that traffic traveling south could not operate and safely proceed, and that as a direct and proximate result thereof, the automobile in which plaintiff was riding collided into one of the busses, whereby plaintiff was injured, and such instruction goes on to state that, if the jury found from a preponderance of the evidence and under the instructions of the court that the defendant was negligent as so alleged, and that such negligence, if any, was the proximate cause of the collision and injuries in question, if any, and that the plaintiff immediately before and at the time of the collision was in the exercise of due care and caution for her safety, then that the jury might find the issues in favor of plaintiff "even though they may also believe from the evidence that the driver of the automobile in which plaintiff was riding was also guilty of negligence in the operation of her automobile, which negligence, if any, contributed to said collision." It is contended that the instruction leaves out the element of the negligence of the driver of the automobile being an intervening, independent, efficient proximate cause of the collision and the plaintiff's injuries, that is, whether the negligence of the driver of the automobile, Mrs. Keiser, was the sole proximate cause of the collision. The instruction requires that defendant's negligence be the proximate cause of the injuries sustained by plaintiff before the jury could find in favor of the plaintiff.

The term "proximate cause" presupposes that there was no intervening or independent cause. If the jury found the facts as outlined in the instruction, to be established by the preponderance of the evidence, then there was no independent intervening cause (*Wennmacher v. Choate,* 224 Ill. App. 42, 49; *Anderson v. Steinle,* 289 Ill. App. 167). The instruction complained of did not direct a verdict, but merely announced a rule of law applicable to the facts in this case. Under the facts and in view of the instructions given, we do not believe the giving of the instructions complained of constituted reversible error.

The judgment of the circuit court of Madison county will, therefore, be affirmed.

*Affirmed.*

Stone and Bartley, JJ., concurring.