ALFRED FINCH v. W. W. TANNER.

**Deed — Acknowledgment — Office of.**

> An acknowledgment of a deed is no part of it and is not necessary to its validity. Its office is to entitle the deed to registration and to prove its execution. An acknowledged deed, signed, sealed and delivered, transmits title to the grantee against every one, except creditors and subsequent purchasers for value without notice.[1]

**Trespass — Damages for — Possession Under Claim of Title.**

> Possession of land under claim of title is not sufficient to enable one to recover damages for a trespass upon it, against the one who has the title.[2]

**Sale for Taxes — Wrong Day.**

> A tax sale made on a day not fixed by law for sales of land for taxes is void.[3]

Action by appellee against appellant to recover damages for trespass by cutting timber. From a verdict and judgment for plaintiff defendant appeals. The opinion of the court states the facts.

---

[1] "No written instrument of, or concerning the sale of lands or tenements, whether the same be made for passing an estate of freehold or inheritance, or for a term of years, or for any other purpose, except in cases specially provided for by law, nor any writing, conveying personal estate, shall be admitted to record in any clerk's office, unless the execution thereof be first acknowledged or proved, and such acknowledgment or proof, duly certified by an officer competent to take the same, in the manner directed by this chapter, and any instrument which is admitted to record, without acknowledgment or proof as aforesaid, shall not be regarded as furnishing notice to subsequent purchasers for a valuable consideration." Code of 1880, § 1215. See also Code of 1892, § 2460; Code of 1906, § 2793.

[2] Possession alone, or a mere qualified right, is sufficient to enable the plaintiff to maintain trespass or trover against all, except the true owner. Harris v. Newman, 5 How. 654.

And so possession of land by the plaintiff, under color of title, is *prima facie* sufficient evidence of ownership to enable him to maintain an action for the statutory penalty for cutting trees thereon. In such case, if the defendant relies on want of title in the plaintiff, he must show affirmatively that it is in himself, or some third person. Ware v. Collins, 35 Miss. 223.

Where the beneficiary in a trust deed takes part of the mortgaged prop-

---

Points of Counsel.

---

APPEALED from Circuit Court, Jackson county, J. S. HAMM, Judge.

Reversed and remanded, February 28, 1881.

*Attorney for Appellant, R. Seal.*

*Attorney for appellee, Frank Johnston.*

Brief of R. Seal:

The plaintiff in this action must prove actual exclusive possession of the land, or title to the same with right of possession under his title.

The plaintiff failed to prove either actual or exclusive possession, or title and right of possession; he only claimed under a tax title and failed to show that he ever obtained possession under his deed, under his own testimony. He stated that he believed that he had possession, and this was all the evidence he offered upon the question of possession.

His title failed in this, that he did not prove that the land was assessed, or that the sheriff ever had possession of the assessment roll. In showing title under a tax deed, like a sheriff's sale, the deed must be based on a judgment and execution, and the judgment and execution must be introduced with the deed, but the assessment roll, being the judgment or authority under which the sheriff made the sale for taxes, should have been introduced with the deed. Virden v. Bowers, 55 Miss. 1.

---

erty from one who purchased from the grantor, and is sued by such person in trespass, he cannot interpose his equitable right to the proceeds if there is enough other property embraced in his trust deed available without delay or inconvenience to pay his debt. The defense, being equitable, is met by the equally strong equity of the purchaser. (Hunt v. Shackelford, 55 Miss. 94, distinguished.) Black v. Robinson, 61 Miss. 54.

An officer holding property under execution may protect his possession by an action of trespass, detinue or replevin. Parker v. Dean, 45 Miss. 409.

It is trespass to enter the lands of another to take one's own personal property. Agnew v. Jones, 74 Miss. 347; 23 So. 25.

**3**

A tax sale made on a day other than that provided by law confers no title. McGehee v. Martin, 53 Miss. 519; Mead v. Day, 54 Miss. 58; Harkreader v. Clayton, 56 Miss. 383.

The first instruction instructed the jury, without any quali-
fication, that if the land had not been redeemed in two years the
title vested in the plaintiff in this suit. This instruction left the
jury no alternative but to find for plaintiff, and the title vested
whether the sheriff had the assessment roll or not.

In the fourth instruction, the court first instructs that if the
jury believe that plaintiff has the legal title he could recover;
second, that if they believe that he had paid the taxes since 1876
and was in possession, then he could recover. There was no proof
that plaintiff ever had possession any more than defendant. This
was assuming to be true that which was not proven, and was
not pertinent to the evidence before the jury. The lands were
wild, and were in possession of the party delinquent for taxes.
He was never turned out of possession by any legal proceedings.
The tax deed, and the proceedings under which the deed was made,
might give the plaintiff the right to recover possession, but not
to take it by force. If right in this view of the case, the plaintiff
failed to make out a case that would justify a recovery, and the
court should have granted a new trial.

Brief of Frank Johnston:

*Actual* possession is not necessary to maintain trespass; it may
be constructive. McFarland *v.* Smith, Walk. 172.

The plaintiff must *prove possession,* or show title to the prop-
erty. Dejarnett *v.* Haynes, 1 Cush. 600.

Or *possession* alone is sufficient against all but the true owner.
Harris *v.* Newman, 5 How. 654.

The plaintiff proved his title by a tax-collector's deed made in
1871. Proof of the destruction of the deed was made and parol
evidence of the deed introduced, which was not controverted, and
is not now questioned. This must have the same force as if the
deed had been introduced.

The tax sale was made under the Code, 1871, and is *prima
facie* evidence that *all* the requirements of the law have been com-
plied with. Code 1871, § 1700.

The *burden* of *proving* the assessment and proceedings prelim-
inary to a tax sale did not rest on the plaintiff. No such doctrine
is announced in Virden *v.* Bowers, 55 Miss. 1.

It was said in that case, the Legislature could not make the
deed *conclusive* evidence of a valid and indefeasible title, but the

court never intimated the *deed* was not *prima facie* evidence of *all* the prerequisites.

Tanner paid all the taxes on the land accruing from year to year since his purchase in 1871. He has proved in this case paramount title to the land, coupled with continuous acts of ownership and possession; and in an ejectment suit would be entitled to a recovery of the land, on the state of facts shown in this case.

The judgment in his favor could not have been different on the proof. The defendant attempted, but failed, to show title in himself. I respectfully insist the judgment should be affirmed.

OPINION.—COOPER, J.:

On the 29th of January, 1880, Tanner instituted this suit against Finch, before a justice of the peace, to recover damages for cutting timber on a tract of land situated in Jackson county. Judgment was rendered in his favor, and on appeal to the Circuit Court he again obtained a verdict and judgment. On the trial in the Circuit Court the plaintiff proved the cutting of the timber by the defendant and its value, and to establish his right to recover proved that the *locus in quo* was sold by the tax-collector of the county of Jackson on the 7th day of August, 1871, at which sale he became the purchaser; that a deed was executed and lodged with the clerk of the Chancery Court of the county, where it remained for more than two years, and until it was destroyed by fire, and that the land had never been redeemed from said tax sale by anyone. The defendant then introduced in evidence a certificate of entry or purchase for the *locus in quo* issued on the 20th of December, 1870, to one Isaiah Powell by the commissioner of swamp and overflowed lands, and a deed from Powell to Daniel O'Geoyn, dated January 18, 1877, but which was not acknowledged by the grantor until November 20, 1880; also a deed from O'Geoyn to himself, dated December 31, 1879. The lands were never actually occupied by either Tanner, O'Geoyn or Finch, but each of them had cut timber therefrom. Among other instructions given for the plaintiff on the trial in the Circuit Court were the two following, the giving of which is assigned as error:

"The defendant's title rests upon the validity of O'Geoyn's title, and if the jury believe from the evidence that O'Geoyn's title was never acknowledged until after the trees were cut and

after the suit was brought, it forms no defense to this suit, unless defendant has shown that plaintiff had express notice of the deed from Powell to O'Geoyn and from O'Geoyn to Finch."

"That if the jury believe from the evidence that plaintiff either had the legal title to the land, or that he paid taxes thereon since the year 1876, and was in possession of the land, and that defendant entered upon and cut 270 pine logs off of the land and converted them to his own use, he is liable for the value of the trees; and if the jury so believe they will find for the plaintiff such damages as they believe from the evidence he has sustained by such cutting."

These instructions ought not to have been given. The acknowledgment of a deed is not part of a deed or necessary to give efficacy to it. The office of an acknowledgment is to entitle the deed to registration and to prove its execution. The deed from Powell to O'Geoyn, when signed, sealed and delivered, transmitted to O'Geoyn the title of Powell as against every one, except creditors and subsequent purchasers for value without notice of the conveyance. Tanner was neither, and notice or want of notice to him could neither aid nor impair the title of Finch derived from Powell. The question is not whether Tanner or Finch got the title of Powell (for there is nothing in the record to show that Tanner claims Powell's title), but whether Powell's title or Tanner's is superior. The second instruction quoted above withdraws from the jury all considerations of the title of Finch, and instructs them to find for the plaintiff if they believe from the evidence he had paid taxes on the land since 1876, and was in possession thereof, and that Finch cut the timber. If Finch had the title he is not liable in damages to one merely holding to possession. Possession under claim of title is sufficient to enable one to recover damages against one who has not title; but when the titles of both plaintiff and defendant are in evidence the jury ought to find which is the better, and only in event of neither being good ought they to find for the party in possession because of such possession. In addition to the errors above noticed, it appears by the record—though the point is not made by counsel—that the tax sale, under which plaintiff claimed, was made on the 7th day of August, 1871, and was, therefore, void, that day not being the day fixed by law for the sale of land for taxes. McGehee v. Martin, 55 Miss. 519.

*Judgment reversed.*