## GEE *v.* TUCKER.

[90 South. 712. No. 22214.]

1. TAXATION. *Where sale of lands for taxes is not held at regular time, but under certain statutory provisions, sheriff should file conveyances immediately in chancery clerk's office.*

When a sale of lands for taxes is not held at the regular time, but under sections 2935 and 4367, Code 1906 (sections 5270 and 7006, Hemingway's Code), it is the duty of the sheriff to file the conveyances of lands sold to individuals immediately in the office of the clerk of the chancery court, as provided in section 2935.

2. TAXATION. *Sale held void for sheriff's failure to file conveyances "immediately."*

Under these sections, where land was sold to an individual on September 3d, and the conveyance was duly executed and acknowledged on that day, but was not filed in the office of the chancery clerk, until nine days thereafter, and the testimony of the deputy sheriff who made the sale was to the effect that he could have made out the list of lands sold to individuals within three or four hours, and there was no reason or excuse given why this conveyance was not filed before the expiration of nine days, then under this statute it was not immediately filed in the office of the chancery clerk, and the sale is void.

APPEAL from chancery court of Quitman county.

HON. G. E. WILLIAMS, Chancellor.

Suit by T. J. Gee against Calvin Tucker. Decree for defendant, and plaintiff appeals. Affirmed.

*J. H. Lowerey,* for appellant.

It occurs to me that the only question in this case requiring serious consideration is the matter of the filing with the clerk, though no emphasis was put on this feature in the lower court, either in the pleading, or in the taking of the evidence.

The statute requires that it shall be filed immediately after the sale and the question here is whether nine days,

under the circumstances of this case, is immediately. So far as I have found we have only two decisions bearing directly on this point. *Judah* v. *Brothers,* 72 Miss. 616; *Fairly* v. *Albritton,* 83 So. 801.

In the first of these cases the court holds that a statute requiring the purchaser at a tax sale to pay the cash "immediately" is complied with where the cash was paid three or four days after the sale. The court says (p. 623) the word "immediately" is a relative term, and has relation to the course of business with reference to which it is used. While the court holds in that case that the statute requiring the payment of the cash "immediately" is directory and not mandatory, yet the express holding is that the money was paid immediately within the meaning of the word as there used. In the latter case the court holds that this same statute, here under consideration, was not complied with by filing a list of lands sold to the state thirty-four days after the sale.

The question is what is immediately in this particular case. The court in the last mentioned case says that immediately in this particular statute means as soon as practicable under the circumstances, as soon as the collector can conveniently make up the list and file it with the chancery clerk. Also that this list was very short and could easily have been prepared and filed within a few days after the sale. Emphasis is also put upon the fact that in this particular instance the tax collector took a longer time than is allowed for filing deeds and lists of regular sales— more than thirty days.

Many of the authorities construe the word to mean as used in statutes, within a reasonable time, though that seems to be rather a liberal construction. If that construction is correct then by the usual course of legislation and decisions in this state, it might be filed within thirty days. I have found no case where the performance of the act within ten days did not comply with the statute, requiring it to be done immediately, 15 A. & E. of L. 1020, says although in strictness the term excludes all mean-

times, yet to make good the deeds and intents of parties, it shall be construed, such convenient time as is reasonably requisite for doing the thing, or within a reasonable time. *Rokes* v. *Amazon Co.* (Md.), 34 Am. Rep. 323, construes the word immediately as used in a fire policy to mean within a reasonable time; and what is a reasonable time must of course depend upon the facts and circumstances of each particular case.

A fine discussion of the meaning of immediately may be found in the opinion in the case of *Pacific Co.* v. *Branham,* by the Indiana court, reported in 70 N. E. 174. The court says on p. 176, the construction as given generally by the courts of the words immediately and forthwith, when they occur in contracts, or in statutes, is that the act referred to should be performed within such convenient time as is reasonably requisite. In *Phybus* v. *Mitford,* 2 Lev. 75, decided more than two centuries ago it was said: "The word 'immediately' although in strictness, it excludes all meantimes, yet, to make good the deed and intents of parties, it shall be construed such convenient time as is reasonably requisite for doing the thing. This construction has prevailed in most cases which have come to our attention."

Black's Law Dictionary defines immediately in substantially the same way. Many of the authorities state that it is synonymous with forthwith, and forthwith is defined by the same authority to mean as soon as by reasonable exertion confined to the object, a thing may be done, it means that the act is to be done within a reasonable time.

I have probably unnecessarily burdened the court with these many definitions, for all of them conform to the view of the court as expressed in *Judah* v. *Brothers* and *Fairly* v. *Albritton, supra.*

*J. C. Cutrer,* for appellee.

Section 4367 of the Code of 1906, section 7006 Hemingway's Code, provides how land not sold at a regular time

may be sold, and among other things provides that "a list of lands sold to the state and of conveyances to individuals shall be immediately filed in the office of the clerk of the chancery court who shall at once record the list and send to the land commissioner a certified copy of it."

The sale in this case was made upon the third day of September, 1917. The list of lands sold at that special sale was very short. The tax collector's deputy, who made the sale in question and made out the list of lands sold to individuals, C. C. Barringer, whose testimony appears at pp. 298-9 of the record testified that he could have made the list of the lands sold to individuals in four or five hours after the sale. That his office was in the same building as the office of the chancery clerk. However, the list of lands sold to individuals was not filed with the clerk until the twelfth day of September, 1917. Here was a delay of nine days, and certainly this could not be called an immediate filing as provided for by the statute.

The deed was signed by T. P. McArthur, the tax collector, on the day of the sale the third day of September, 1917, and was acknowledged before the chancery clerk on the third day of September, 1917. This shows that the delay was unreasonable.

The case of *Fairley* v. *Albritton,* 83 So. (Miss.), 801, holds that the word immediately in this very statute means as soon as practicable under the circumstances. As in our own case, the list of lands sold at the special sale was very short and could have been easily prepared and filed within a few days after the sale. The undisputed testimony in our case is that the preparation and filing could have been completed within four or five hours, and the deed shows that the work was completed on the day of the sale. Under no view of the present case, could the preparation and filing be said to have been completed immediately under the circumstances.

Referring to this same section of the code, we see that section provides that a certified copy of the list of lands sold to individuals shall be sent to the land commissioner,

who shall keep a record of same. The record shows a certificate made by the land commissioner to the effect that no such list was sent to him and he had no record of this particular land. We urge this failure to comply with the terms of the statute as another ground showing the invalidity of the sale.

The tax collector's deed shows upon its face that it was in the possession of the chancery clerk on the day of the sale to-wit: September 3, 1917, for the reason that his acknowledgment on that date appears thereon, and it further appears that this same deed was withdrawn from the possession of the clerk and not returned to him until the 12th day of September, 1917, on which date he marked it filed. Why was this deed withdrawn from the possession of the clerk after he had possession of the same on September 3, 1917.

The case of *Adams* v. *Mills,* 71 Miss. 150, holds squarely that the statutory provision for the depositing of the deed with the clerk must be strictly complied with, and a strict compliance is essential to the validity of the deed, the court saying: "That the requirement that the conveyance be deposited and remain in the office of the clerk was manifestly for the benefit of the owner of the land who by the law was pointed to the place where he should apply for the purpose of redemption.

SYKES, J., delivered the opinion of the court.

The appellant, T. J. Gee, complainant in the chancery court, sought to confirm his tax title to certain lands previously owned by the appellee, Calvin Tucker. The tax sale was not made at the regular time, but the board of supervisors at their regular August meeting in 1917, proceeding under sections 2935 and 4367, Code of 1906 (sections 5270 and 7006, Hemingway's Code), advertised and held the sale on September 3, 1917, at which time the appellant bid in the lands in question. The list of lands sold to individuals and the conveyances were not filed in

the office of the chancery clerk until September 12. The tax deed of the appellant was acknowledged before the chancery clerk on September 3. There are numerous questions raised as to the validity of this sale, but it is only necessary for us to notice one. The chancellor held the sale invalid and denied the relief prayed for in the bill.

There is a difference between sections 2935 and 4367, Code of 1906 (sections 5270 and 7006, Hemingway's Code). Section 2935 requires not only that the list of lands sold to the state be immediately filed in the office of the chancery clerk, but also that conveyances to individuals be immediately filed. Section 4367 requires that the list of lands sold to the state and the list of conveyances to individuals be immediately filed in the office of the chancery clerk. Under these two sections lists of land sold to the state, lists of lands sold to individuals and conveyances to individuals must be immediately filed in the office of the clerk of the chancery court. Consequently there is no difference between the mandate of section 2935 requiring the conveyance to be filed immediately and the mandate of section 7006 requiring a list of lands sold to the state to be filed immediately. The provisions of section 4333, Code of 1906 (section 6967, Hemingway's Code), which provides, among other things that a failure to return or record the list of lands sold to individuals shall not affect the title, cannot be invoked in this case, because, even if it be granted that this section be applicable to lands sold at a special sale, yet there is no provision therein contained providing that a failure to file conveyances shall not affect the title, but it is only therein provided for a failure to file a list of lands sold to individuals.

We are therefore called upon to decide whether or not a delay of nine days in filing this conveyance was a compliance with the statute which requires this conveyance to be immediately filed.

The only testimony in the record as to how long it would have taken to make out the list of lands sold to individuals is that of the deputy sheriff who actually made

the sale. He testifies that he could have made out this list in four or five hours. From the deed we know that it (the deed) was made out on the day of sale. There is no testimony in the record to show why the list of conveyances, or why the conveyances themselves, were not filed that day in the office of the chancery clerk, nor is there any reason or excuse given for this delay of nine days. We are therefore presented in this appeal with the identical question presented to the court in *Fairly* v. *Albritton,* 121 Miss. 714, 83 So. 801. In that case the question presented to the court was whether or not the filing of the list of land sold to the state thirty-four days after the sale invalidated it. The court held that it did. It is there stated:

"The word 'immediately' in the statute means that the filing must be done as soon as practicable, under the circumstances, after the sale. It was not intended to signify that the filing might be done within a reasonable time, unless it may be said it means that it must be filed at once within such reasonable time as is practicable under the circumstances."

There is no attempt whatever in this case to show that this conveyance was filed as soon as practicable under the circumstances. It is not shown that the sheriff was so busy with other duties that the list could not be filed immediately. On the other hand, the only inference we can draw from this testimony is that the list and the conveyance could have been made out and filed within a few hours, certainly on the next day. In fact the deed was actually acknowledged on the day of sale. No reason or excuse is shown for the delay of nine days. We therefore conclude that the conveyance was not immediately filed as required by statute. For this reason the decree of the lower court is affirmed.

*Affirmed.*