## LYON CO. ET AL. *v.* RATLIFF.

[92 South. 229.   No. 22668.]

1. TAXATION. *Before entryman of public land has received final receipt or patent, the land is not taxable, and sale for taxes is void.*

The lands and property of the United States are not subject to state taxation; and, where an entryman of public land has not received a final receipt or a patent to such land, it is not taxable, and an assessment and sale of such land is void for want of power in the state to tax it.

2. EQUITY. *In suit to confirm a tax sale, if complainant fails to show title in himself from the government down decree pro confesso not authorized; unauthorized decree pro confesso may be set aside.*

In a suit to confirm a tax sale, the complainant must, under section 551, Code 1906 (section 308, Hemingway's Code), deraign title showing title in himself from the government down, and, if the bill does not show that title has passed out of the government, the court cannot confirm such title by decree *pro confesso* and on the allegations of the bill, and such proceedings will not estop the owner from acquiring title subsequent to the tax sale from the government, and such owner may resort to equity to have such alleged confirmation set aside, and his own title confirmed.

APPEAL from chancery court, Jackson county.
HON. V. A. GRIFFITH, Chancellor.

Suit by S. R. Ratliff against the Lyon Company and others. Decree for plaintiff, and defendants appeal. Affirmed.

*White & Ford,* for appellant.

The main argument made in the brief filed by appellee is as to the alleged invalidity of the tax sale to Mrs. Emily C. Lyon on the first day of March 1897. They cite the case of *Dixon* v. *Doe,* 23 Miss. 84, to show that a tax sale

of lands belonging to the United States is void. We submit that all this argument is beside the point, for the reason that appellee is not in position to question the validity of the tax sale to Mrs. Lyon, he being in privity of contract with Isabelle Fairley, the defendant in the suit confirming the tax title; his right to question the tax sale is cut off. On the trial in the court below, appellant did not seek to show the validity of the tax sale, nor will it undertake that here, because, the matter being *res judicata,* all inquiry as to its validity between these parties is forever foreclosed. The court does not know and is not concerned with what showing appellant might have made as to the validity of said tax sale; in other words, we did not get to the point where that inquiry was material or pertinent.

Counsel discuss in detail the allegations in the bill of *Mrs. Lyon* v. *Isabelle Fairley,* and present the case as if the former suit were a bill to confirm title generally or to remove a cloud, whereas the fact is that the suit was to confirm a tax title, and, we submit, was in strict conformity to the statute. They complain that complainant in that suit did not set out in detail the condition of the title at the time the tax sale was made. It would have been indeed remarkable if the complaint had set out facts showing the condition of the title for which appellee insists. The bill did allege the assessment, the sale, filing the deed with the clerk, expiration of the period of redemption and other matters supporting the validity of the sale.

Counsel complain that Mrs. Lyon, complainant in the suit referred to, failed to deraign her title so as to show how she claimed the land other than by tax sale. The answer to that is that complainant did deraign her only title, to wit, the tax sale. It is doubtless true that the court would not have confirmed the tax sale had it known or been advised that the land was not liable for taxes, but this is begging the point in issue. Isabelle Fairley who held the record title to the land at the time and who would have been the fee simple owner, except for the tax sale,

was made party defendant and she did not see fit to make
defense. Absolutely no explanation is offered for her
silence, nor is it shown how appellee can question the
validity of the sale at this late date. The court undoubted-
ly had jurisdiction of the land and the parties, and hav-
ing proceeded regularly to final decree; the inquiry was
foreclosed.

Counsel cite the case of *Brooks Scanlon Co.* v. *Stogner*,
75 So. 596. That case is not even remotely in point, for
the reason that the defendant there proceeded against was
not personally served with process in the confirmation
suit under review, and as he was shown to have been in
actual possession of the land at the time the suit was
filed, the court held that he should have been made a party
defendant. In this case there was done exactly what the
court said in the *Brooks Scanlon case* should have been
done. The proof here shows that Isabelle Fairley was the
owner of the land, was in possession, and was made a
party. Counsel argue as if a defendant, having a good
defense to a suit, may, when sued, disregard and ignore
the summons and then later when judgment is sought to
be enforced be heard to say that he had a good defense to
the suit. Surely that argument needs no reply. We do
not admit that there was any fraud committed on the court
by complainant in the former suit, but even if the decree
in that case had been improper, the matter should have
been reached by a bill of review or other appropriate rem-
edy within the time allowed by law.

The criticism of counsel of the case of *Agnew* v. *Mc-
Elroy*, 10 S. & M. 552, is not warranted. The court held:
"Exceptions to this rule are, where the first action was
not competent, where the plaintiff has mistaken his char-
acter, or where the judgment is given for faults in the
declaration and pleadings."

The last part of the quotation is underscored in the
brief of opposing counsel, and they seem to take some com-
fort therefrom. That manifestly has reference to a case
that is not tried on the merits, but goes off on some fault

in the pleadings that would not be covered by the statute of jeofails.

We have discussed the case of *Magee* v. *Turner,* 92 Miss. 438, relied upon by counsel, and we submit that it is not applicable here.

Respectfully submitted this the 25th day of May, A. D. 1922.

*Denny & Heidelberg,* for appellee.

We take it for granted that there can be no dispute as to the fact that property (lands) belonging to the United States were not taxable at the time of the alleged sale herein considered. Section 3774 paragraph B, Code 1892, also *Dixon* v. *Doe,* 23 Miss. 84.

If then this land was not taxable for the year 1896, although it was assessed to William Fairley at the time of its sale, can a sale thereof be the basis of a title under a tax sale?

There can be and as we take it there is no serious contention to the contrary made herein. Now if the land was not taxable, that is if the title was vested in the United States at the time of the assessment and sale, then it must follow that the mere assessing the same advertising it and the sale thereof by the sheriff and the execution of a deed by him, and the filing of this deed with the clerk to remain for two years for redemption, the delivery of the deed, the recording thereof did not vest any title whatever in Emily C. Lyon.

So we are then of necessity carried to the attempt to confirm the alleged and void and null tax sale.

We first of all desire to call the court's attention to the bill of complaint filed in the *Lyon* v. *Fairley case.* It alleges that the complainant therein was the purchaser of the land in question at the tax sale March 1, 1897, for delinquent taxes for the fiscal year 1896, that the same was sold according to law after having been advertised and all things in connection with the assessing, advertising

and sale thereof had been done in accordance with the law. Then paragraph No. 3 further alleges as follows, "That complainant is informed and believes and upon such information and belief states, that the said defendant Isabelle Fairley claims said land under some claim or chain of the title, which but for said tax sale to complainant would vest the fee simple title thereto in defendant, and that no other person has any claim thereon, or any right, title or interest therein. "What claim or chain of title was it that she was claiming under? Does the bill allege that Isabelle Fairley was the wife of the entryman? Is there to be found in the bill anywhere anything that shows that the land was taxable for the year 1896? It is true that the bill does state that said land 'was advertised and sold by the tax collector of said county for state and county taxes due and delinquent thereon for the fiscal year 1896,' but we submit that this does not show nor can it be construed in any manner as meaning that the land was taxable for the year 1896.

As we understand the law to be, a tax sale must rest upon some showing or foundation that the property was taxable, courts cannot presume such facts, a bill of complaint to confirm a tax title must at least show the divesting of the title out of the United States or the state of Mississippi. By the omission of the very fact that title had been divested out of the sovereign in the bill of complaint the court must have granted the decree herein, if it had been shown by the bill that the same had not been divested out of the government at the time would the court have for one second entertained the suit or given a decree attempting to confirm a tax sale that was in and of itself as shown by the exhibit to the bill in this case not permissible, and which our statutes and courts had said could not be done. There was in the bill of complaint itself such a lack of information, facts and necessary jurisdiction averments that the court in that case did not and could not bind anyone by its decree granted therein.

We submit that the failure of the complainant Mrs. Lyon to deraign her title, to show how she claimed said land other than by the tax deed, to properly inform the court as to the true condition of title of the land in question was such an omission that of necessity the court acquired no jurisdiction. The court upon statutory regulation or judicial decision would not and could not have confirmed said sale had the facts as they existed at the time of the sale been made known to the court by the bill of complaint either deraigning title or showing that the title at the time of the attempted sale had been out of the sovereign long enough for the land to become taxable. If the pleader relies upon a mere statement, or more as in the confirmation case in question, upon presumption, inference or supposition, then if the court is not fully informed in the premises, and grants a decree not supported by facts or the true condition, we submit that it is in truth and fact withholding from the court facts and truths that are necessary and vital and the court can in no way or by any process make something from nothing, it cannot by a magic process and the mere signing of decrees make title where there never was any title theretofore except in the sovereign, and the sovereign not being in court and not being a party to the suit, cannot be bound nor can its vendee although such vendee may have been brought in as a party to the suit after the entryman had perfected his entry and secured a patent therefor. The time to be considered, and that was in contemplation when the court attempted to confirm this alleged tax sale, was not September 26, 1904, the date of the final decree, but the date the sale was attempted to be made, the day that the assessment was made under which the land was attempted to be sold, and February 1, 1896, the beginning of the tax year for which the alleged tax sale was made, at that time the land was not taxable, therefore there could be no valid sale, assessment or condemnation of the land for taxes when no taxes was due thereon.

On and after July 26, 1898 the chancery court of Jackson county had jurisdiction of the lands involved herein as to matters and things in connection therewith, but by the attempted confirmation suit jurisdiction was attempted to reach back and cover a period of where there was no jurisdiction vested in the chancery court of Jackson county for by the attempted confirmation it must be admitted that if the chancery court of Jackson county had any jurisdiction at all that jurisdiction extended back prior to the time when the assessment was made and the sale took place, yet according to the evidence the final certificate did not issue to the entryman until July 26, 1896. The assessing, sale and other facts leading up to the sale of the land in question were more than two years before the time fixed by statute for the property to be taxable, then for the court to fix by decree a valid title by the confirmation of a sale absolutely void upon its face, we contend could not be done, the mere fact that the showing was not made to the court that the title was not at the time of the sale even much less the assessment vested out of the United States absolutely brings about such a state of facts that it was a fraud on the court and the court could not, had the true facts been stated in the pleadings and made known to the court granted any decree whatever in the alleged confirmation suit. It matters not that Isabelle Fairley the only legal heir of the entryman was brought in by personal process, she did not defend, and it was useless for her to defend as the court if it had had jurisdiction of the entire human race could not by merely signing decrees and ordering such to be the fact make it so when it did not have anything to act upon, the court could not breathe the breath of life into nothing and make something therefor nor could the court give life to a void proceedings as this assessment and sale was and remains.

Counsel for appellant seems to lay great stress upon the fact that this is an attack upon a valid judgment of the chancery court. That the former case rendered the matter *res judicata,* and therefore the appellee must fail.

In *Brooks Scanlon Co.* v. *Stogner,* 75 So. 596, it is stated that "Under Code 1906 section 549, providing that the owner in possession, or out of possession if there is no adverse occupancy may file a bill in chancery to have his title confirmed, it is a fraud on the court falsely to allege that there is no adverse possession, since it is the duty of the complainant to ascertain whether there is adverse possession, and if there is he must proceed under section 550 to have such adverse claim cancelled, and if he does not do so a decree confirming title is void as to defendant in adverse possession who may have such decree cancelled." In the instant case we find that in 1904 at the time of the decree in the *Lyon* v. *Fairley case* that Isabelle Fairley was upon the land, occupying the same, that she as the heir at law of William Fairley the entryman was residing thereon and was served with summons, she was served to answer what? A suit to confirm a tax title made before the title to the land was vested in her husband, and before the title was divested out of the United States and into William Fairley the entryman. Had the bill of complaint stated that the title at the time of the sale was vested in the United States as the facts show, then could and would any court have given a decree against any one and in favor of Mrs. Lyon? The question answers itself. Now was it not a fraud upon the court for Mrs. Lyon not to inform the court as to the condition of the title so as to in some way assist the court in determining whether or not the land was taxable for the year 1896, she should have either deraigned her title, or have alleged that the title was out of the government, by so doing there was a fraud upon the court whereby and by virtue of which the court tried to assume jurisdiction retroactively to speak. The court would have upon a cross bill granted a decree cancelling the tax deed for that was a shadow upon Elizabeth Fairley's title, as that would have been within the jurisdiction of the court, but to deny to the court the true state of facts and thus procure a decree confirming an illegal sale, a sale that had no foundation, no standing in

the court had the true conditions been made known, is such an action that is not *res judicata* of anything or binding upon any one whether parties or those claiming under parties to said suit.

Counsel for appellant has cited the case of *Agnew* v. *McElroy*, 10 S. & M. 552, as one authority sustaining his contention as to *res judicata*, we quote from the syllabus of the case as follows: "A judgment between the same parties for the same cause of action, is conclusively between them; the exceptions to this rule are, where the first action was competent, where the plaintiff has mistaken his character, or where the judgment is given for faults in the declaration and pleadings." With the last exception noted, we ask the application of the doctrine announced therein to the facts in the case of *Mrs. Lyon* v. *Isabelle Fairley*, and then it becomes manifest that, had the pleadings (bill of complaint) stated those things necessary and required that is a deraignment of title, or an allegation or showing that the title was out of the government, then the court would have never granted a decree therein. Again in *Johnson* v. *White*, 13 S. & M. 584, it is announced, "It is no bar to a second suit if the first action is incompetent, or if the plaintiff mistake his character, or if the first judgment is given for faults in the pleadings." Again the same case states "a judgment on a pleading which does not go to the foundation of the action is no bar to a subsequent suit; the merits of the second action must be decided in the first to make the first suit a bar." The case of *Magee* v. *Turner*, 92 Miss. 438, is we insist squarely in point in this case, in this case there was an effort to confirm an absolutely void sale from the state of Mississippi, the complainant in that case tried to do as was tried in the case of *Mrs. Lyon* v. *Isabelle Fairley* under consideration herein, that is make a title by going through a chancery court and getting a decree confirming a forfeited tax patent issued upon land that had been previously redeemed, but the court said "Not so" and stated that "The payment of the tax by Hickman operated as a redemption, and left no

sort of a claim in the state which could mature into a title or be confirmed by any sort of a proceeding." If a redemption from the state left no sort of a claim which could mature into a title or be confirmed by any sort of proceedings, then if the land in question herein was not taxable and was the property of the United States at the time it was sold and from March 1, 1897, to July 27, 1898 then we submit that regardless of what circumstances or who were parties thereto or what the court by virtue of the bill decrees to be the facts, this land was never confirmed in the name of Mrs. Emily C. Lyon. It must have been a void proceeding and therefore there was and is no life in it.

So we respectfully submit that the case should be affirmed and the opinion of the learned chancellor upheld.

Ethridge, J., delivered the opinion of the court.

The appellee was complainant below, and filed a bill to cancel the tax title to certain lands, deraigning title from the United States government through mesne conveyances to himself. The bill sets forth that the defendants had bought said lands at a tax sale made in 1897 for the taxes of 1896, and sets up that the sale was absolutely void because the title to the land at that time was in the United States government, and not subject to taxation. It is further alleged that the purchaser at said tax sale filed a suit in 1903 against Isabelle Fairley, and on the 26th day of September, 1904, a decree was entered purporting to confirm the tax sale. The entire record of the said tax sale is made an exhibit to the bill, and the bill in that case averred that on the 1st day of March, 1897, the following described tract of land (describing same) was advertised and sold by the tax collector of said county and state for the state and county taxes due thereon for the fiscal year 1896, when the said complainant became the highest and best bidder therefor, and upon paying the said bid that the tax collector executed a deed, which deed remained on

file in the clerk's office for a period of two years after the
sale, and that no person had redeemed it within the two
years; that the complainant is advised, and so states that
the several officers of the county charged by law with the
duties of assessing the said lands, and making the levy
of the county taxes for the said fiscal year, and with the
duty of advertising and selling the same for taxes, each
and all performed their several respective duties in the
manner prescribed by law, and that the said tax collector's
deed vested in plaintiff a good and valid fee-simple title;
that complainant is informed and believes, and upon such
information and belief states, that the defendant Isabelle
Fairley claims said land under some claim or chain of title
which but for the tax sale to the complainant would vest
the fee-simple title thereto in the defendant, and that no
other person has any claim thereon, or right, title, or in-
terest therein, and prayed for a decree confirming said
tax title. Upon this bill being filed, summonses were issued
to Isabelle Fairley, and the decree recites that the defend-
ant Isabelle Fairley had been personally served with
process more than five days before the first day of the
term, and that no appearance had been entered, and the
bill was adjudged and taken as confessed, and on the bill
and decree *pro confesso* final decree was taken confirming
said tax title. This bill filed in the present case making
said former suit an exhibit thereto was demurred to, and
the demurrer overruled. Thereupon an answer was filed
setting up the tax sale as above stated, and the decree con-
firming said sale, and proof was taken showing that final
certificate to the lands involved was issued to William
Fairley on July 26, 1898, and final patent on February 6,
1899.

It appears that Isabelle Fairley, the defendant in the
tax sale confirmation suit, was the widow and sole heir
of William Fairley. It will be observed from the state-
ment that the bill to confirm the tax title did not deraign
title in the complainant further than to set up the tax
deed. The bill did not allege that the title to the land

had passed out of the United States government, and as a matter of fact it had not passed out of the government, and it was beyond the power of the state to tax the said land, under the decisions both of this state and of the United States supreme court.

Section 551, Code 1906 (section 308, Hemingway's Code), provides that, in bills to confirm title to real estate, and to cancel and remove clouds therefrom, the complainant must set forth in plain and concise language the deraignment of his title, and that a mere statement therein that the complainant was the real owner is insufficient unless a valid reason be given why title cannot be deraigned. In *Long* v. *Stanley,* 79 Miss. 298, 30 So. 823, it is said that the complainant must show: First, title in himself from the government down; or, second, title in himself by adverse possession; or, third, title in himself from the defendant; or, fourth, that the parties to the suit claim under a common source, the complainant having a better title from that source. In *Gilchrist-Fordney Co.* v. *Keyes,* 113 Miss. 742, 74 So. 619, this court held that, in a suit to confirm, plaintiff must plead and prove a perfect title, and prevail upon the strength of his own claim. In the case before us there was an utter failure to show that the title had passed out of the United States government, and therefore the failure to show a valid tax sale. The decree could not vest a valid title in the complainant against the defendant Isabelle Fairley, from whom the present complainant deraigns title through *mesne* conveyances, and the chancellor was correct in holding that the confirmation proceedings were null and void; and the decree will be affirmed.

*Affirmed.*