## BASS *v.* BATSON.

(Division A. Nov. 12, 1934. Suggestion of Error Overruled Dec. 10, 1934.)

[157 So. 530. No. 31416.]

John A. Yeager, of Lumberton, for appellant.

**Wm. H. Maynard,** Assistant Attorney-General, for the state of Mississippi, amicus curiae.

N. Batson, of Woodville, for appellee.

Argued orally- by **John A. Yeager,** for appellant, and by **Wm. H. Maynard,** for appellee.

**Cook, J.,** delivered the opinion of the court.

Appellee filed a bill in the chancery court of Lamar county seeking to cancel two tax deeds issued to the appellant, as the purchaser at a tax sale held on May 5, 1930, for taxes delinquent for the year 1929. The bill attacked the validity of these tax deeds on several grounds, one of which was that the order of the board of supervisors authorizing and directing the delinquent

tax sale on the first Monday of May, 1930, was void for uncertainty as to the particular lands to be sold. After a demurrer to the bill was overruled, the appellant answered denying the averments of the bill, and made his answer a cross-bill, alleging that the sheriff and tax collector wholly failed to sell any lands delinquent for taxes on the first Monday of April, 1930; that thereafter the board of supervisors of Lamar county passed an order directing that all lands delinquent for taxes be sold on the first Monday of May, 1930; that, acting under the authority of this order, the tax collector properly advertised the lands delinquent for 1929 taxes and sold the same on the first Monday of May, 1930; and that at such sale the cross-complainant bought the land in question, for which tax deeds were delivered to him after the expiration of the statutory period for redemption. The cross-bill prayed for the cancellation of all claims of the cross-defendant to the land and for the confirmation of cross-complainant's tax titles thereto. From a decree sustaining a demurrer to this cross-bill, this appeal was prosecuted.

The order of the board of supervisors authorizing and directing the sale of lands delinquent for the 1929 taxes reads as follows: ''It is hereby ordered by the board of supervisors of Lamar county in regular session that the sheriff and tax collector of said Lamar county, state of Mississippi, be and he is hereby authorized, empowered and directed to sell at public auction all real property in aid county delinquent for the taxes for the year 1929, said sale by said sheriff and tax collector to be made on the 1st Monday in May, 1930, at the east front door of the court house in the town of Purvis, Mississippi, and if necessary to continue from day to day, not exceeding three days until all of said property is sold. It is further ordered that notice of delinquent real property for 1929 taxes be given by publication in the Booster a weekly newspaper published in the town of Purvis, Mississippi,

for a time and in a manner as by law provided. So ordered this the 8th day of April, 1930.''

The contention of appellee, which was sustained in the court below, is that this order of the board of supervisors is void, for the reason that it fails to definitely describe and specify each parcel of land to be sold, and the only question presented for decision is whether or not the order was sufficient to empower the tax collector to make a valid sale of such lands on the date fixed therein.

The admitted facts are that no sale of lands delinquent for 1929 taxes was made at the regular time appointed by law for the sale of delinquent tax lands, which was the first Monday of April, 1930. After that date had passed, in pursuance of section 2935, Code of 1906, now section 3252, Code of 1930, the above-quoted order of the board of supervisors was passed, and the sale was advertised and conducted in accordance with ''the provisions of law applicable to such sales at the time appointed by law.''

Section 2935, Code of 1906 (section 3252, Code of 1930), provides, in part, as follows: ''If from any cause a sale of any land for taxes which is liable to such sale shall not be made at the time appointed by law for such sale, it may be sold thereafter, in the same or a subsequent year, at any time designated therefor by order of the board of supervisors. Notice of a sale so ordered shall be given by advertising it in the manner prescribed by law for the sale of land for taxes; and the same shall be made at the same place and subject to all the provisions of law applicable to such sales at the time appointed by law.''

The order of the board of supervisors authorized, empowered, and directed the tax collector to sell all real property in the county then delinquent for taxes for the year 1929. There was in this order no uncertainty as to the lands directed to be sold. It required the sale of ''all

lands in the county then delinquent for taxes.'' The language could not be more comprehensive, and there is no apparent reason for the order to have set forth a more particular description of the lands to be sold. By advertisement, in the manner prescribed by law, the owner of each parcel of delinquent land was duly notified of the time and place of such sale, and in our opinion sales made in pursuance of the order were valid. Consequently, the demurrer to the cross-bill should have been overruled.

Reversed and remanded.