SALTER *et al. v.* POLK *et al.*

(Division A. March 18, 1935.)

[159 So. 855. No. 31511.]

E. F. Coleman, of Purvis, for appellants.

**Wilbourn, Miller & Wilbourn,** of Meridian, for appellees.

**Travis & Travis,** of Meridian, for appellees.

266

**McGowen, J.,** delivered the opinion of the court.

In the lower court a demurrer was sustained to the original bill filed by the widow and minor children of T. M. Salter, deceased, and joined in by the executors of his will, against Florence Britton, B. B. Britton, Polk & Co., and the Mississippi Power Company, the appellees

here. The bill sought to confirm a tax title and to cancel certain deeds alleged to have been a cloud upon the title.

After the demurrer was sustained, by leave of the court, an amended bill was filed which sought only to confirm a tax title. A demurrer was interposed to this bill which was also sustained by the court, and the appellants declining to further amend, the bill was dismissed and an appeal is prosecuted here by the complainants in the court below.

In brief, the bill describes certain lands in Lamar county, and alleges that same had been assessed for taxes to Florence Britton; that she, nor any one else for her, had paid the taxes, and that the lands were lawfully sold for the taxes by the sheriff of Lamar county, and purchased by T. M. Salter, deceased. A copy of the tax collector's deed to T. M. Salter, in statutory form, was made an exhibit to the bill. It was further alleged that the sheriff failed to sell the lands in that county for delinquent taxes on the first Monday in April, the date fixed by law for such sales, and that on his petition, a copy of which was made an exhibit to the bill, the board of supervisors made a general order directing the tax collector of that county to sell all lands at public auction which were delinquent for the year 1925, on the first Monday in June, 1925, at the front or east door of the courthouse in the town of Purvis, by giving notice thereof in the papers. A copy of this order was made an exhibit to the bill. The bill further alleged that the lands in controversy were patented by the United States government to Florence Britton on May 28, 1914, citing the book and page of the records of said county on which said patent was recorded; that the lands were sold for taxes by the sheriff; and that, thereupon, in the manner and within the time required by law, the tax collector executed to said T. M. Salter, deceased, an official tax deed in legal form, same having been, within the time required by law, filed in the chancery clerk's office, remaining there for two years, and

finally delivered to said complainants. This deed was dated June 7, 1926, and acknowledged before the chancery clerk on June 30, 1926. The bill set out the residences of the several parties, and set up their several claims to an interest in the lands, the title to which was sought to be confirmed.

(1) It is most probable that the court below sustained the general demurrers interposed by the Mississippi Power Company and Polk & Co., because it conceived that the general order of the board of supervisors directing a sale of all lands delinquent for the 1925 taxes was insufficient in that there was no specific description of the lands ordered to be sold.

In this court, counsel for the appellees seem to recognize that this question has been, by this court, settled adversely to demurrants in Bass v. Batson, 157 So. 530, for they do not reargue that question.

(2) The proponents of the demurrer challenge the sufficiency of the allegation that the tax deed executed by the sheriff was, by him, filed in the office of the chancery clerk of that county, and say that the deed shows, on its face, that it was acknowledged on June 30, 1926, and that, therefore, between June 7th, the date of the sale, and June 30th, there elapsed twenty-three days, which was not a compliance with section 8297, Hemingway's Code 1927, which requires a conveyance to an individual of lands sold for delinquent taxes, at a date other than that fixed by statute, to be filed "immediately" with the chancery clerk. They rely upon the cases of Fairly v. Albritton, 121 Miss. 714, 83 So. 801, and Gee v. Tucker, 127 Miss. 866, 90 So. 712. It will be observed in these cases that the court, upon an examination of the facts adduced at the hearing, held that the list of lands sold to the state in the former case, and the deed of conveyance to an individual in the latter case were not filed immediately with the chancery clerk within the meaning of that statute. The bill, in substance, alleges that the

sheriff, in the case at bar, immediately filed the deed, which is the basis of this suit, with the chancery clerk. That tenders to the appellees an issue to be determined.

The tax deed is prima facie evidence of the legal assessment and sale of the lands. Jones County Land Co. v. Fox, 120 Miss. 798, 83 So. 241, and section 1578, Code 1930. But, however, if the sale be not made on the day fixed by the statute, it is not prima facie as to the date of sale. Johnson v. Lake, 162 Miss. 227, 139 So. 455, 88 A. L. R. 262. It does not follow, because the deed was acknowledged on June 30th, twenty-three days after the date of sale, and after the sheriff signed same, that the paper was not filed on June 7, 1926, with the chancery clerk. We can find no statute which requires the sheriff to have attached to the deed an acknowledgment thereof. Section 8250, Hemingway's Code 1927, requires a tax collector to execute conveyances to individuals purchasing lands at tax sales, and the word "execute" does not mean "acknowledge," and an unacknowledged deed is quite effective to convey title. The acknowledgment imports no validity to the deed. It is merely one of the conditions to its registration on the land deed records of the county in the chancery clerk's office. Finch v. Tanner, 2 Miss. Dec. 209, and Guice v. Sellers, 43 Miss. 52, 5 Am. Rep. 476. Under the allegations of the bill, the burden will be upon the appellants to show that the tax collector's deed here involved was filed in the chancery clerk's office "immediately."

(3) It is a complete answer to the contention of the appellees that there is no deraignment of title as required by section 405, Code 1930, to say that the bill clearly alleges that title to this land passed from the government, by patent recorded in the chancery clerk's office, to Florence Britton on May 28, 1914, setting forth the book and page of its recordation, and further alleges that these lands were assessed to said Florence Britton in 1925, and that she, nor any person for her, paid the taxes. The

bill then sets up the tax collector's deed, which is deemed to be a sufficient deraignment of title to suit all purposes in an action to confirm a tax title asserted and claimed by virtue of tax collector's deed, made an exhibit to the bill, and regular on its face. See Griffith's Chancery Practice, section 219, wherein it is said: "But after the showing of the parting of title by the government it is not necessary to deraign the title anterior to the tax deed, and the deraignment, other than the government's sale, begins with the tax-deed. Nor is it necessary to go into the details of the defendant's title, nor deraign same, for if the tax-deed be valid, it cuts off all others, and if it be invalid the title or want of title in the defendants is of no concern. The complainant must recover, if at all, entirely on the strength of his own title. It is, therefore, only necessary to allege sufficient, as to the defendants, to show that they are interested in the land sold; and a tax title may be confirmed against a defendant in possession."

However, in the case at bar, we do not know, nor can we assume that there were any other conveyances than those set up and described in the bill, which we think sufficiently apprised the defendants of the issue tendered to them.

The conclusion we have reached is not in conflict with the case of Lyon Co. v. Ratliff, 129 Miss. 342, 92 So. 229, but is strengthened thereby when we recognize that the court was there dealing with a case where the allegations of the bill did not deraign title out of the government.

Other causes of demurrer do not call for notice by us as we think they are without merit.

We have not set forth the bill in detail in this case, and we do not commend it to the bar, but we think there is sufficient merit in its allegations to require an answer, and, therefore, the cause will be reversed and remanded.

Reversed and remanded.