HARLAN *v.* MARTIN *et al.*

(In Banc. Oct. 28, 1946. Suggestion of Error Overruled Nov. 25, 1946.)

[27 So. (2d) 725. No. 36179.]

668

Paul M. Moore and W. J. Evans, both of Calhoun City, for appellant.

**Stone & Stone,** of Coffeeville, for appellee.

**McGehee, J.,** delivered the opinion of the Court.

The trial court sustained a general demurrer to the bill of complaint of the appellant Joe Harlan wherein he sought to confirm his title to certain land derived by patent from the State based upon a tax sale thereof made on July 6, 1931. Thereupon the complainant declined to plead further and the bill was dismissed.

In our opinion the bill of complaint alleged all of the necessary jurisdictional facts to show that it had been duly and legally assessed, that the taxes were due and delinquent, that no lands which were delinquent for taxes for the year 1930 had been sold at the regular time fixed by law therefor in April 1931, that the proper orders were made by the board of supervisors for the sale to be made on the first Monday, the 6th day, of July, 1931, that the same were duly and legally advertised and sold pursuant to an order of the board entered at the May, 1931, meeting fixing the first Monday in July, 1931, as the date for the sale, and a similar order made at the June, 1931, meeting of the board fixing "the first Monday of July," without specifying the year, for the date of such sale.

The order of the board entered at the May meeting failed to describe the lands to be sold, but the same was in all respects sufficient, since it definitely fixed the date for the sale and recited that no sales of land had been

made for the delinquent taxes thereon at the regular time fixed by law. It was unnecessary that the lands should have been described in the said order. Bass v. Batson, 171 Miss. 273, 157 So. 530.

The order entered at the June, 1931, meeting of the board described the land and ordered the sale to be made on the "first Monday of July" without specifying the year, as aforesaid, and it was no doubt entered upon the erroneous theory that the first order was insufficient on account of the failure to therein describe the land to be sold.

One of the grounds of the demurrer was the failure of the bill of complaint to allege that the Sheriff and Tax Collector had "immediately" filed the list of lands sold to the State for taxes with the Chancery Clerk following the date of such sale. If the demurrer was sustained upon that ground, then the action of the trial court was erroneous for the reason that Sections 3252 and 3256, Code 1930, did not then so require. The case of Salter et al. v. Polk et al., 172 Miss. 263, 159 So. 855, holding that such a list should be immediately filed, was concerned with a tax sale made in 1926 for the unpaid taxes for the year 1925, when Section 4367, Code 1906, Section 7006, Hem. Code of 1917, required the list to be immediately filed in the office of the Chancery Clerk, whereas Sections 3252 and 3256, Code 1930, supra, permitted the Sheriff and Tax Collector in the instant case to file his list on or before the first Monday in September, 1931, which was done according to the allegations of the bill of complaint herein.

It is true that the copy of the list, so far as it pertains to the land here involved which is filed as an exhibit to the bill of complaint, does not show the date when the same was filed. This being true the allegation of the pleader will control as to when the same was filed, since the exhibit is not in conflict therewith.

In our opinion the bill of complaint is in all respects sufficient to state a case for confirmation of the tax sale

to the State and of the patent through which the complainant claims, as is prayed for therein.

Reversed and remanded.

**Sydney Smith, C. J.**, did not participate in this decision.